**SUN–MAID RAISIN GROWERS OF CALIFORNIA, Appellant,**

v.

**CALIFORNIA PACKING CORPORATION, Appellee.**

**No. 15087.**

United States Court of Appeals Ninth Circuit.

Jan. 16, 1957.

---

896

Boyken, Mohler & Wood, Gordon Wood, San Francisco, Cal., for appellant.

Marshall P. Madison, James Michael, George A. Sears, San Francisco, Cal. (Pillsbury, Madison & Sutro), San Francisco, Cal., of counsel, for appellee.

Before DENMAN, Chief Judge, FEE, Circuit Judge, and ROSS, District Judge.

JAMES ALGER FEE, Circuit Judge.

This is an appeal from an order dismissing without prejudice a motion by Sun-Maid Raisin Growers of California, a corporation (here appellant), to dissolve an injunction passed by the District Court of the Southern District of California on June 15, 1936. Thereby that corporation was enjoined, at the suit of California Packing Corporation (here appellee), from the use of the trade-mark "Sun-Maid" except on packages containing raisins and allied food products.

The District Court filed a memorandum which stated as a reason for dismissal that the above mentioned decree was entered pursuant to the mandate of this Court and that proper deference to the authority of the latter requires that a "proceeding to re-open it, whether by rehearing or review, should be first referred to that tribunal."

 In the briefs it was the position of appellee that the dismissal without prejudice for such a reason was not a final decision and not an appealable interlocutory order. Before appellant had proceeded far with oral argument before this panel, the court dismissed the appeal on the above grounds as set up in the brief of appellee.

Appellant says in its brief that this proceeding may be treated as one to request permission to proceed in the District Court:

"It is defendant's [appellant's] contention here that no such prior permission is required under the facts of this case but this question may now have become moot because such permission is now hereby requested."

Appellee says in its brief:

"This Court has jurisdiction to determine whether leave should be granted defendant to file in the district court its motion to dissolve the injunction entered pursuant to mandate of this Court."

Appellee also says:

"If this appeal is to be treated as an application to this Court for leave to move for dissolution of the injunction in the district court, defendant has not made a prima facie showing of merit sufficient to warrant the granting of such leave * * *"

In the brief appellee strenuously argues this latter proposition. As a re-

sult, there is made a presentation of the merits of the motion, both by appellee and by appellant. This Court, at the time the appeal was dismissed, also granted permission to appellant to proceed in the District Court with a motion to modify the decree.

There has been now filed a motion of appellee for permission to make an oral presentation of its theory that no sufficient grounds for granting permission are presented by appellant to the Court. This motion is denied.

The merits of the entire controversy were argued in the briefs on both sides. It is not incumbent upon us to determine whether it was necessary for the District Court to defer to this Court and require appellant to seek permission before proceeding here. Appellant asked and was granted permission. It may well be that no permission was required, but the trial judge was well advised to avoid technical complications by requiring permission to be asked.

As a practical matter, it would be futile for us to hear argument on the merits when the record does not advise us of the facts except sparsely and then send it back to the District Court for trial on the facts and subsequently, on appeal hear argument as to the correctness of the decision of that court.

The record before this Court shows that the motion of appellant in the lower court alleges that appellee has abandoned, assigned and transferred the trade-mark which the previous decree of injunction of June 15, 1936, was to protect. A deposition indicates the document by which this alleged abondonment was accomplished was executed in 1950. Many years after the decree then, the events claimed to vitiate its effect occurred.

The decrees of a court may be vitiated by subsequent events. The permission to proceed in the District Court does not indicate that this Court has or expresses any opinion on the merits or the validity or invalidity of the motion. The District Court is left free to take such action as is just and proper.

The appeal is dismissed. Permission is granted to appellant to move against the decree of June 15, 1936, in the District Court. The motion of the appellee to present further argument is denied.