**SUN–MAID RAISIN GROWERS OF CALIFORNIA, a Corporation, Appellant,**

v.

**CALIFORNIA PACKING CORPORATION, a Corporation, Appellee.**

**No. 16223.**

United States Court of Appeals
Ninth Circuit.

Dec. 14, 1959.

Pillsbury, Madison & Sutro, George A. Sears, James Michael, Marshall P. Madison, San Francisco, Cal., for appellee.

Before BARNES and MERRILL, Circuit Judges, and ROSS, District Judge.

MERRILL, Circuit Judge.

Sun-Maid seeks relief from an injunction issued by the District Court on June 15, 1936, enjoining it from using the trademark "Sun-Maid" otherwise than upon packages containing raisins or raisin products.[1] It has taken this appeal from an order of the District Court denying its motion to dissolve the injunction.[2] The motion was opposed by appellee. Appellant contends that appellee has parted with all interest in the subject matter of the suit; that it had no standing to oppose the motion to dissolve; that under these circumstances denial of the motion was error.

On June 15, 1915, the predecessor of appellee instituted an action in the United States District Court for the Southern District of New York against the predecessor of appellant, complaining that the mark "Sun-Maid" was an infringement of its mark "Sun-Kist." The action was settled by an agreement by which the predecessor of appellant covenanted to limit the use of the mark "Sun-Maid" to raisins and raisin products.

In 1929, appellee instituted an action in the District Court below, claiming that appellant had violated the agreement by which the former suit had been settled. This action culminated in the injunction now sought to be dissolved.

On September 20, 1950, appellee sold all of its right, title and interest in its trademark "Sun-Kist" to California Fruit Growers Exchange, now called Sunkist Growers, Inc.

Appellant contends that the purpose of the injunction was to protect the trade-

Boyken, Mohler & Wood, Gordon Wood, San Francisco, Cal., for appellant.

---

1. Issued pursuant to opinion of this Court in California Packing Corporation v. Sun-Maid Raisin Growers of California, 9 Cir., 81 F.2d 674.

2. Permission to proceed in a matter affecting a final judgment having been granted by this Court in Sun-Maid Raisin Growers of California v. California Packing Corporation, 9 Cir., 244 F.2d 895.

mark "Sun-Kist"; that, since appellee has parted with that trademark, it has no right to continue to enforce the injunction; that to permit such enforcement would amount to an illegal restraint on trade. Its motion to the District Court was in the alternative: to dissolve the injunction or to join Sunkist Growers as a party.

The District Court ruled[3] that no grounds for dissolution had been shown; that it would be inequitable, in the absence of valid grounds for dissolution, to relieve appellant from the restraint of the injunction; that it would not be fair to substitute a new party plaintiff and expose that new party to the possible necessity for re-litigation of a judgment which had stood as final for over twenty years.

We find no error or abuse of discretion in this ruling.

The assignment of the trademark did not in and of itself cause all rights under the contract and injunction to vanish magically as in a puff of smoke. Cf. Griffith v. Bronaugh, 1829, 1 Bland, Md., 547; Hawley v. Bennett, 1833, 4 Paige, N.Y., 163; Collier v. Newbern Bank, 1836, 21 N.C. 328. Unless some further ground for dissolution be shown to exist, those rights remain somewhere: either in appellee or in Sunkist Growers or in both. No matter where they may be, denial of the motion to dissolve the injunction upon this sole ground was proper.

As to the motion for joinder, we are again faced with the proposition that no ground for dissolution other than the mere fact of assignment has been asserted.

Substitution or joinder is not mandatory where a transfer of interest has occurred. Rule 25(c), Federal Rules of Civil Procedure, 28 U.S.C.A.; Virginia Land Co. v. Miami Shipbuilding Co., 5 Cir., 1953, 201 F.2d 506, 508; cf. Liberty Broadcasting System v. Albertson, D.C.W.D.N.Y.1953, 15 F.R.D. 121.

Since appellant has failed to state facts showing any basis for a dissolution of the injunction as against Sunkist Growers, we find no error or abuse of discretion in the refusal of the District Court to grant substitution or joinder.

While it is required (Rule 17(a), Federal Rules of Civil Procedure) that every action be prosecuted in the name of the real party in interest, this action has already proceeded to final judgment. Until valid grounds for dissolution are asserted, appellant's attack upon the finality of the judgment must fail, no unresolved dispute can be said to exist, and the necessity for substitution or joinder has not been established.

Affirmed.