Lyndell **WILSON**, Libellant,

v.

The **OHIO RIVER COMPANY**, a corporation, Respondent.

Nos. 64–15, 64–16.

United States District Court
W. D. Pennsylvania.

Sept. 15, 1964.

Harry Alan Sherman, Pittsburgh, Pa., for libellant.

Harold Schmidt, Pittsburgh, Pa., for respondent.

ROSENBERG, District Judge.

The respondent, The Ohio River Company, filed motions to transfer the causes of action at Admiralty No. 64–15 and Admiralty No. 64–16 to the United States District Court for the Southern District of West Virginia, pursuant to the provisions as contained in 28 U.S.C. § 1404(a).[1]

These actions are based upon alleged injuries received in an accident occurring on September 16, 1961, while the libellant was in the employ of the respondent and a member of the crew of the M/V Bob Genter.

On April 8th and April 9th, 1964, respectively, the libellant filed these actions against the respondent for maintenance and cure and for recovery of compensatory damages allegedly resulting from the same accident on the M/V Bob Genter on September 16, 1961.

On or about June 12, 1962, the libellant had filed an action against the respondent with the Clerk of Court for the Western District of Pennsylvania at Civil Action No. 62–445 by authority of the provisions contained in the Jones Act, 46 U.S.C. § 688[2] for the injuries sus-

---

1. 28 U.S.C. § 1404(a):
   "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

2. 46 U.S.C. § 688:
   "Recovery for injury to or death of seaman

Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway

tained by the libellant while employed by the respondent. The complaint also contained a claim for damages for failure to pay maintenance and cure because of these injuries.

On December 21, 1962, after a motion was made by the respondent for a change of venue at Civil Action No. 62–445, the action was transferred from this district to the United States District Court for the Southern District of West Virginia to serve the greater convenience of the parties involved.

On February 11, 1963, the libellant filed a motion in this court for leave to open, vacate or modify the order of transfer made in Civil Action No. 62–445 and that motion was denied. The matter then was appealed to the United States Court of Appeals for the Third Circuit, but that appeal was also denied.

The record further reveals that a motion was filed by the libellant in the District Court for the Southern District of West Virginia to discontinue the action there without prejudice. As of now, there is no record of any disposition of that motion.

In the meantime, on January 7, 1963, the libellant also had filed in the Court of Common Pleas of Allegheny County, Pennsylvania, an action against the respondent averring generally what appeared to be the same facts presently averred in these actions and the action which was transferred to the District Court for the Southern District of West Virginia.

The respondent filed preliminary objections in the nature of a motion to dismiss in the State Court on March 13, 1963, and the objections were sustained. The action in the Court of Common Pleas in the meantime has been appealed to the Supreme Court of Pennsylvania where it is now pending.

The motions presently before this court to transfer these actions to the District Court for the Southern District of West Virginia aver that the factual situations are identical to the action in the Court of Common Pleas and the 1962 action. The libellant does not contest this.

The respondent has also filed a motion to stay the proceedings in these two 1964 actions in this court pending disposition of the 1962 action in the United States District Court for the Southern District of West Virginia. Civil Action No. 1174 (the transferree filing number), and a motion to strike demand for jury trial.

The respondent has filed an affidavit supporting the averments contained in its motion to the effect that (a) the cause of actions occurred on the Ohio River; (b) the seventeen members of the crew of the M/V Bob Genter at the time of the alleged accident lived within 100 miles of Huntington, West Virginia, which city is the dispatch point for the respondent's vessels; (c) the libellant is a citizen of the State of West Virginia and resides in Huntington which is approximately 190 miles from Pittsburgh; (d) the libellant was treated for her injuries in the United States Public Health Service Hospital at Baltimore, Maryland which city is approximately 310 miles from Huntington and 275 miles from Pittsburgh; (e) two of the physicians who treated the libellant have offices in Huntington, while three of the physicians are on the staff of the United States Public Health Service Hospital in Baltimore, Maryland; and (f) nine members of the crew will testify factually to general conditions as of the area and time when the accident to the libellant is presumed to have occurred and other factual circumstances.

The affidavit of the libellant indicates that none of the seventeen witnesses can

employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States con-

ferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which its principal office is located."

offer evidence in aid of either of the parties, but that in any event they would voluntarily come to Pittsburgh when so required; that the accident occurred in Western Pennsylvania waters according to the log of the vessel; that the crew members have no evidentiary value; that medical witnesses from Baltimore will be required to testify; that Baltimore is a few miles nearer to Pittsburgh than it is to Huntington; that medical experts from Pittsburgh will be called in support of the libellant; that the libellant was also at Monsour Clinic at Jeannette, Pennsylvania, which is approximately 25 miles from Pittsburgh; and that expert seamen will be called from Pittsburgh for the purpose of proving the libellant's case.

Although the libellant in her affidavit states that the seventeen witnesses would be willing to come to Pittsburgh if asked, there is no dependence upon such statements. For if they should refuse to come and the respondent should desire to have them, it could not compel their attendance at Pittsburgh because they are not within 100 miles of Pittsburgh. Federal Rule of Civil Procedure 45(e) [3] provides that witnesses may be compelled to attend within the territorial limits of the district or within 100 miles of the place of hearing or trial specified in the subpoena. This will not help the respondent if it desires the attendance of these witnesses.

■ As to the need by the libellant of expert seamen for the purpose of supporting the libellant's action, there is no indication by way of affidavit as to the substance of such expert testimony. However, this Court must be concerned with those witnesses who are substantially a part of the case itself, as they relate to the occurrence of an accident or incident and to doctors who have actually treated the person involved or who may have received the injuries, as against experts whose evidence is adduced from subsequent facts. This is in accord with the phraseology of the Act, " * * * the convenience of the parties and witnesses, in the interest of justice * * * ".

■ The overwhelming number of witnesses is more convenient to Huntington, West Virginia. The factors favoring the libellant in retaining the case in this jurisdiction cannot outweigh these conveniences. Wilson v. Ohio River Co., D.C., 211 F.Supp. 666 (1962). These circumstances alone are sufficient cause for granting the respondent's motions to transfer the actions. But we have more than that involved here. Since it is obvious that the same facts are the basis for the action already transferred to the United States District Court for the Southern District of West Virginia in 1962, and since there are motions pending in that Court as the circumstances may relate to the appeal before the Pennsylvania Supreme Court, it is both reasonable and in the interest of justice that these actions be not spread about, but be assembled in a single forum for inclusive and judicious disposition.

And what is more significant, the filing of these two present actions in this district has the earmark of an attempt to subvert the transfer of the 1962 action to the United States District Court for the Southern District of West Virginia. This is strengthened by the libellant's motion to postpone its transfer from this district and the further motion in West Virginia to withdraw that action there, and by the entry of a state action in 1963.

3. Federal Rule of Civil Procedure 45:
"(e) Subpoena for a Hearing or Trial.
(1) At the request of any party subpoenas for attendance at a hearing or trial shall be issued by the clerk of the district court for the district in which the hearing or trial is held. A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the district, or at any place without the district that is within 100 miles of the place of the hearing or trial specified in the subpoena; and, when a statute of the United States provides therefor, the court upon proper application and cause shown may authorize the service of a subpoena at any other place."

It may be that these actions are independently and properly based, but in view of all the other circumstances, they will all be more justly determined by the United States District Court for the Southern District of West Virginia.

Accordingly, the motions for transfer of these actions will be allowed and inasmuch as the question of the disposition of the various actions of 1962 and 1964 are involved, the motions of the respondent to stay proceedings in this court and to strike the demand for jury trial here will be denied.