**RISO KAGAKU CORPORATION,**
**Plaintiff,**

**Minnesota Mining and Manufacturing Co., Intervening Plaintiff,**

v.

**A. B. DICK CO., Defendant.**

**No. 68 Civ. 4414.**

United States District Court
S. D. New York.

May 7, 1969.

Davis, Noxie, Faithfull & Hapgood, New York City, for plaintiff and intervening plaintiff; James E. Ryder and John B. Pegram, New York City, of counsel.

Kenyon & Kenyon, New York City, for defendant; James H. Callahan, New York City, of counsel.

## OPINION

HERLANDS, District Judge:

Three interrelated motions are before the Court, disposition of which turns on essentially the same criteria. Only a brief factual background is necessary for a full understanding of the problem.

Defendant—A. B. Dick Company (Dick) is the holder of a patent on the method of manufacturing stencils for use on a mimeograph-type duplicating machine. Application of the patented process creates a stencil from a certain type of thermoplastic film which then can be used on the mimeograph-duplicating machine to provide the desired number of copies.

Plaintiff—Riso Kagaku Corporation (Riso), a Japanese concern, manufactures this film in Japan. It also uses the film in the patented method and sells both the film and prepared stencils to various United States customers. Minnesota Mining and Manufacturing Company (3–M) is one of Riso's customers. It purchases and distributes the film, and also uses the film in the patented method and sells the prepared stencils.

Riso filed its complaint herein on November 7, 1968. It seeks a judgment declaring that Dick's patent is invalid and not infringed by Riso. Service was made on Dick's New York office on November 13, 1968.

On November 12, 1968, Dick commenced an action against 3–M in the Northern District of Illinois, charging infringement of the same patent whose validity is drawn into question in the New York declaratory action. 3–M was served with this complaint on November 20, 1968.

Dick has moved for transfer of this declaratory action to the Northern District of Illinois, pursuant to 28 U.S.C. § 1404(a) (1964). The basis for the motion is that such transfer would serve the convenience of the parties, witnesses, and interests of justice.

Riso opposes this motion primarily on the ground that Dick has failed to prove that the balance of convenience lies in the proposed transferee district. Riso has cross-moved for a preliminary injunction restraining Dick from prosecuting the infringement action in the Northern District of Illinois pending the termination of the instant declaratory action and any appeal. Riso also seeks to restrain Dick, during the pendency of this action, from commencing or prosecuting any other infringement action against any Riso customer, or any user or seller of Riso stencil masters. The basis for this motion for a preliminary injunction is that the New York declaratory action was the first filed and, therefore, should be the one first adjudicated.

Finally, 3–M has moved to intervene in this action, as a plaintiff, on the ground that common questions of law and fact are involved. Fed.R.Civ.P. 24 (b). 3–M seeks to enable full adjudication of the issues, binding on all the principal interested parties, in this single forum. The intervention motion is posited, ostensibly, on the Court's grant

of Riso's request for a preliminary injunction restraining prosecution of the Northern District of Illinois infringement action wherein 3–M is the defendant.

## I.

At the outset, the Court will consider so much of Riso's motion for a preliminary injunction as seeks to restrain the commencement or prosecution of other infringement actions. Riso has not alleged that Dick has threatened any of Riso's customers (other than 3–M) or that Dick has engaged in any other activity which would constitute harassment. Thus, there does not appear to be present in this case any basis for equitable relief restraining the commencement of other infringement actions. Accordingly, this branch of Riso's motion is hereby denied.

Furthermore, no other infringement actions have been initiated or threatened; and there is no allegation of harassment. Therefore, it would appear premature to enjoin prosecution of all future infringement actions. Consequently, this branch of Riso's motion is also hereby denied, without prejudice to its renewal should circumstances materially change so as to justify its grant at a later date.

## II.

It is apparently agreed by all of the interested parties that precisely the same issues of fact and law are involved in the New York declaratory judgment and the Illinois infringement action. If Riso, Dick, and 3–M can be made parties to one action, it is recognized that prosecution of two independent lawsuits would be an unnecessary expenditure of the resources of court and counsel. The question thus posed is: Which forum should hear and determine the issues raised?

Resolution of this problem turns on the balance of convenience. By first determining Dick's motion to transfer under § 1404(a), the Court will necessarily be passing on this issue, and, thus, its decision on that motion will effectively dispose of the other motions. See Ronson Art Metal Works v. Brown & Bigelow (Inc.), 105 F.Supp. 169, 172 (S.D.N.Y.), aff'd on opinion below, 199 F.2d 760 (2d Cir. 1952).

Should the Court decide that the Northern District of Illinois is a more convenient and appropriate forum and grant the transfer motion, there then would be no reason to enjoin the infringement action or grant 3–M leave to intervene. Under Rule 10(B) (5) of the Rules of the District Court for the Northern District of Illinois, the declaratory action, when transferred, undoubtedly would be assigned as a "related case" to the District Judge who is now presiding over the proceedings in the infringement action; and the two actions would probably then be consolidated for all purposes.

On the other hand, should the transfer motion be denied, this would be indicative that the movant has failed to demonstrate that interests of convenience favor litigation of the issues in the Northern District of Illinois. In the absence of such showing, the first-filed suit should be given priority, and the other stayed. E. g., Mattel, Inc. v. Louis Marx & Co., 353 F.2d 421 (2d Cir. 1965), cert. dismissed, 384 U.S. 948, 86 S.Ct. 1475, 16 L.Ed.2d 546 (1966). Since the instant action was the first filed, it would be the one actively litigated. And, under those circumstances, the objective of effectuating complete resolution of the controversy between the parties in one lawsuit would persuade this Court to grant 3–M's motion to intervene.

## III.

Hence, the Court turns to a consideration of the transfer motion. Dick claims that transfer of the action to the Northern District of Illinois is appropriate because that is the district (1) where it maintains its principal place of business; (2) where all of its personnel connected with the subject matter of this lawsuit reside; (3) where all of its records pertaining to the alleged acts of infringement and to the validity of the patent are located; and (4) where the inventor of

the patented process resides. Dick also seeks support from the fact that Riso does not do business in any district in the United States, and that Riso, thus, would not be inconvenienced to any substantially greater degree by litigating in Chicago instead of New York.

Riso contends that, while it does not maintain an office in the United States, it does have a representative—Francis Y. Sogi, Esq.—who is its "legal advisor" and "sole business agent in this country." Affidavit of Francis Y. Sogi, Esq., sworn to December 26, 1968, ¶ 6. Mr. Sogi maintains his office in New York. He also states that records regarding Riso's product and its method of manufacture are located either in his office, or in the office of Riso's New York patent attorneys. Sogi Affidavit, ¶ 8.

■ The Court's role in deciding this discretionary motion is fairly well-defined. It must consider (1) where the balance of convenience for the parties and their witnesses lies; (2) the relative ease of access to sources of proof; (3) the availability of process to compel attendance of unwilling witnesses; (4) the cost of obtaining willing witnesses; (5) where the case can be tried more expeditiously, inexpensively, and with the greatest relative ease; and (6) the interests of justice in the individual case. Oil & Gas Ventures—First 1958 Fund, Ltd. v. Kung, 250 F.Supp. 744, 754 (S.D.N.Y.1966). Above all, however, the Court's determination regarding transfer, is one of "particularized judgment based on the unique features of the spe-

cific case." Thomson & McKinnon v. Minyard, 291 F.Supp. 573, 576 (S.D.N.Y.1968).

■ The movant's burden is a heavy one. It must make a "clear-cut showing that when all the interests are considered, trial would more conveniently proceed and the interests of justice would be better served in the other district." Peyser v. General Motors Corporation, 158 F.Supp. 526, 529 (S.D.N.Y.1958). And the primary element of an adequate presentation is the submission of affidavits detailing the names and location of the potential principal witnesses and the substance of their testimony, so that the Court may evaluate—not speculate upon—the actual probability of securing the asserted increased convenience offered by the proposed transferee district. See, e. g., Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 148 (10th Cir. 1967); Baksay v. Rensellear Polytech Institute, 281 F.Supp. 1007, 1010 (S.D.N.Y.1968); Polychrome Corp. v. Minnesota Mining & Manufacturing Co., 259 F.Supp. 330, 335 (S.D.N.Y.1966); Popkin v. Eastern Air Lines, 253 F.Supp. 244, 248 (E.D.Pa. 1966); Peyser v. General Motors Corporation, supra at 529; National Tea Co. v. The Marseille, 142 F.Supp. 415, 416 (S.D.N.Y.1956).

Dick has seen fit, however, to submit in support of its conclusory contentions of increased convenience to be facilitated by transfer, only the affidavit of Herman J. Hersh, Esq., sworn to January 2, 1969. Paragraphs 3 and 4 thereof (in their entirety set forth in the margin) [1]

---

1. "3. All of the facts desired to be developed on behalf of A. B. Dick Company in support of its patent involved in both pieces of litigation are with witnesses that are located in Chicago, Illinois and adjacent suburbs, within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, wherein suit for infringement against Minnesota Mining and Manufacturing Company is pending. Such witnesses would include Mr. Allan I. Roshkind, Vice President and Director of Research and Engineering for the A. B. Dick Company, residing in Glenview, Illinois, a suburb of Chicago, Illinois, and possibly Mr. Keith Hoover, the inventor of the invention claimed in the patent in suit, also residing about Chicago, Illinois, and Mr. Edgar H. Schmiel, General Counsel for the A. B. Dick Company, residing in Evanston, Illinois, a suburb of Chicago, Illinois.

4. To the best of my knowledge and belief, the A. B. Dick Company does not anticipate making use of any witnesses located in or about the Southern District of New York, either in this pending litigation or in the litigation pending in Chicago, Illinois between A. B. Dick Company and Minnesota Mining and Manufacturing Company."

contain the whole of Dick's affirmative showing on the issue of witness convenience; and, except for two conclusory paragraphs in the affidavit of Edgar H. Schmiel, Esq., sworn to January 2, 1969 (in their entirety set forth in the margin)[2] these paragraphs, apparently, also represent Dick's entire affirmative showing on the issue of party convenience. Obviously, without more, these affidavits do not convince the Court that the balance of convenience lies clearly in Chicago.

■■ Admittedly, the issues in this case are straightforward and by no means novel. Thus, the Court may be able to anticipate some probable lines of proof. But patent litigation frequently involves expert testimony; and unless the movant names its experts and their places of residence, the Court cannot make any reasonable determination as to which forum offers the greater convenience and expediency.[3] Thus, while the particular circumstances of this case may indicate, ultimately, that the litigation could proceed more conveniently in the Northern District of Illinois, *cf.* Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., 267 F.Supp. 938 (S.D.N.Y.1967), a court's determination to that effect, can be made only upon a full and proper set of motion papers.

■ The motion to transfer this action to the Northern District of Illinois is hereby denied.

· The cross-motion for a preliminary injunction restraining prosecution of the infringement action brought by Dick against 3–M in the Northern District of Illinois is hereby granted.

The motion by 3–M to intervene as a party plaintiff is hereby granted.

This opinion contains the findings of fact and conclusions of law which con-

stitute the grounds of the Court's action (1) in granting Riso's cross-motion for a preliminary injunction restraining prosecution of the infringement action brought by Dick against 3–M in the Northern District of Illinois and (2) in denying Riso's cross-motion for a preliminary injunction restraining Dick from commencing and prosecuting other infringement actions (*see* Part I. of this opinion), *see* Fed.R.Civ.P. 52(a).

Settle order on notice.

---

2. "5. All persons in defendant corporation having knowledge of the patent in suit reside in the Northern District of Illinois, Eastern Division.

    6. No one in defendant corporation in the Southern District of New York has any connection with this litigation."

3. That the Court should consider the convenience of experts on an equal basis with "ordinary" witnesses is a conclusion apparently no longer debatable in this Circuit. *See* Lykes Brother Steamship Co., Inc. v. Sugarman, 272 F.2d 679, 681–682 n. 2 (2d Cir. 1959).