**CAR–FRESHNER CORPORATION and Julius Samann, Plaintiffs,**

v.

**AUTO AID MANUFACTURING CORPORATION, Original Auto Parts Distributors, Inc., and Harvey Stevens, Defendants.**

**No. 76–CV–501.**

United States District Court, N. D. New York.

Aug. 9, 1977.

Mackenzie, Smith, Lewis, Michell & Hughes, Syracuse, N. Y., for plaintiffs; George S. Sullivan, Jr., Syracuse, N. Y., of counsel.

Stuart R. Shaw, New York City, for defendants.

## MEMORANDUM—DECISION AND ORDER

MUNSON, District Judge.

This is an action in which the plaintiffs, engaged in the business of selling various air deodorizers, bug removers, chrome polishes, window cleaners, and the like, seek damages for alleged trademark infringements and unfair competition on the part of the defendants. The dispute involves the manufacture and sale of air deodorizers bearing the shape of a pine tree, and composed of absorbent bodies impregnated with a fragrant deodorant.

There are two separate motions now pending before this Court. In the first, the defendants seek a change of venue, pursuant to 28 U.S.C. § 1404(a), to the Southern District of New York. The other involves the plaintiffs' attempt to have the defendants' third counterclaim, relating to alleged monopolistic practices engaged in by the

plaintiffs with regard to pine-tree shaped air fresheners, dismissed.

## I. CHANGE OF VENUE

Defendants' original motion for a change of venue was denied by this Court in an Order dated March 4, 1977. The motion is once again before the Court by virtue of an Order of April 28, 1977, relieving the defendants from the operation of the March 4, 1977 Order, and allowing for reargument upon the motion for a change of venue.

Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." Thus, a change of venue under that section may only occur where the proposed transferee court is one in which venue would have been proper in the first instance. *VanDusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). In this case, it is clear that the Southern District of New York is a proper venue, inasmuch as all of the defendants are apparently doing business there, or, in the case of the individual defendant, a resident there. 28 U.S.C. § 1391. The sole inquiry, then, is whether the interests of justice would be served by the transfer.

Among the factors which must be weighed by a court in deciding a motion under Section 1404(a) are: 1) convenience of the parties; 2) convenience of fact witnesses; 3) availability of process to compel presence of reluctant witnesses; 4) the cost of obtaining the presence of witnesses; 5) access to proof; 6) calendar congestion; 7) where the relevant events took place; and 8) the interests of justice in general. *Scheinbart v. Certain-Teed Products Corporation*, 367 F.Supp. 707 (S.D.N.Y.1973); *Riso Kagaku Corporation v. A. B. Dick Co.*, 300 F.Supp. 1007, 162 U.S.P.Q. 395 (S.D.N.Y.1969); *Wibau, Westdeutsche Industrie, Etc. v. American Hoist & D. Co.*, 293 F.Supp. 273 (S.D.N.Y.1968); Wright, Law of Federal Courts § 44 (3d ed. 1976).

In making a motion for a change of venue, the petitioner has the burden of making a clear showing that the factors militate in favor of transferring the case. *Scheinbart v. Certain-Teed Products Corporation, supra*. In attempting to meet this burden, a movant must provide precise information, in affidavit form, about the witnesses he intends to call and the anticipated areas of their testimony, so that the court can intelligently weigh the factor of witness convenience. *Riso Kagaku Corporation v. A. B. Dick Co., supra* at 1010, especially at fn. 1 and 2; see also Wright, *supra*.

The defendants in this case base their motion largely upon the accessibility of their anticipated witnesses, including five expert witnesses. This, however, is a factor which courts have generally considered as entitled to little weight, if any. See e. g., *Wibau, Westdeutsche Industrie, Etc. v. American Hoist & D. Co., supra; Scheinbart v. Certain-Teed Products Corporation, supra; Wilson v. Ohio River Company*, 234 F.Supp. 283 (W.D.Pa.1964), aff'd, 375 F.2d 775 (4th Cir. 1967). Defendants also point to the fact that all defendants are located within the New York City metropolitan area, whereas only one of the plaintiffs is within the Northern District of New York, the other residing in Switzerland. The remaining factor alluded to by the defendants is that all of their corporate records, many of which it is anticipated will be introduced into evidence, are located within the Southern District.

It appears to this Court that all of the facts cited by the defendants are, at best, neutral when weighed against those favoring the plaintiffs' choice of forum. The arguments made on behalf of the defendants in their motion for a change of venue are no more persuasive than those made by, or available to, the plaintiff in support of their choice of forum. This is not a case where virtually all of the events, parties, and witnesses are located in one particular district, as was true in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), a case relied on by the defendants. Similarly, this case does not involve a plaintiff travelling away from his

home forum to a neutral site for what are clearly harassing and vexatious motives, factors found to be determinative in *Pepsi-Cola Company v. Dr. Pepper Company*, 214 F.Supp. 377, 382–383, 136 U.S.P.Q. 410 (W.D.Pa.1963), a case also relied on by the defendants. Rather, the factors here are equally balanced between the plaintiffs' and defendants' choices of forum. As such, the motion for a change of venue is denied, and the plaintiffs' choice of forum is upheld. *A. Olnick & Sons v. Dempster Brothers, Inc.*, 365 F.2d 439 (2d Cir. 1966).

## II. DISMISSAL OF DEFENDANTS' COUNTERCLAIM

The plaintiffs have moved, pursuant to F.R.C.P. Rule 12(b)(6) for an Order dismissing the defendants' third counterclaim, which relates to plaintiffs' allegedly monopolistic practices in dealing with their registered trademark for pine-tree shaped air deodorizers. Plaintiffs claim that the defendants have failed to allege sufficient facts to show a violation of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2, and to demonstrate resulting injury so as to allow for a private, treble-damage claim under Section 4 of the Clayton Act, 15 U.S.C. § 15. It is the plaintiffs' position that the actions complained of, in any event, are merely examples of fair and aggressive competition, rather than violations of the antitrust laws.

### A. Technical Sufficiency of Counterclaim—Rule 8(a)

It is true that, even under today's liberal rules of pleading, courts have consistently required that a Complaint alleging an antitrust violation maintain some degree of specificity. *Heart Disease Research Found. v. General Motors Corp.*, 463 F.2d 98 (2d Cir. 1972); *Klebanow v. New York Produce Exchange*, 344 F.2d 294 (2d Cir. 1965); *Nagler v. Admiral Corporation*, 248 F.2d 319 (2d Cir. 1957); *Sam S. Goldstein Industries, Inc. v. General Electric Co.*, 264 F.Supp. 403, 153 U.S.P.Q. 334 (S.D.N.Y. 1967). In particular, the Complaint must indicate some nexus between the alleged antitrust violation and some demonstrable injury suffered by the plaintiff. *SCM Corporation v. Radio Corporation of America*, 407 F.2d 166, 160 U.S.P.Q. 225 (2d Cir. 1969), cert. den. 395 U.S. 943, 89 S.Ct. 2014, 23 L.Ed.2d 461 (1969), reh. den. 396 U.S. 869, 90 S.Ct. 38, 24 L.Ed.2d 125 (1969); *Thurston v. Setab Computer Institute*, 48 F.R.D. 134 (S.D.N.Y.1969). The preferred remedy for such a deficiency, however, is to grant leave to amend the Complaint, or alternatively, to order a more definite statement pursuant to F.R.C.P. Rule 12(e). *Klebanow v. New York Produce Exchange, supra; Nagler v. Admiral Corporation, supra.* In light of the ultimate decision of this motion, based upon the substantive issues presented, this Court chooses not to rely on procedural technicalities in granting the motion to dismiss the third counterclaim.

### B. Motion to Dismiss—Rule 12(b)(6)

A trademark, as defined in the United States Code,

includes any word, name, symbol, or device or any combination thereof adopted and used by a manufacturer or merchant to identify his goods and distinguish them from those manufactured or sold by others. 15 U.S.C. § 1127.

Unlike a patent or copyright, a trademark does not in any way represent a monopoly conferred upon a particular product. *Amp Inc. v. Foy*, 540 F.2d 1181, 189 U.S.P.Q. 392 (4th Cir. 1976); *Carl Zeiss Stiftung v. V. E. B. Carl Zeiss, Jena*, 298 F.Supp. 1309, 161 U.S.P.Q. 414 (S.D.N.Y.1969). While patent laws were enacted to encourage invention and development of new products, trademark laws were intended solely to protect the consuming public from deception and confusion, oftentimes resulting from imitation of the distinguishing trademarks of established products. *Application of Honeywell, Inc.*, 497 F.2d 1344, 181 U.S.P.Q. 821 (Cust. & Pat.App.1974), cert. den. 419 U.S. 1080, 95 S.Ct. 669, 42 L.Ed.2d 674 (1974).

There is no doubt that a trademark may be utilized in such a manner as to

constitute a violation of antitrust laws. Good examples of such violations would be the use of a strong trademark to unlawfully tie in a weaker product, see e. g., *Ungar v. Dunkin' Donuts of America, Inc.*, 68 F.R.D. 65 (E.D.Pa.1975), rev'd on other gds. 531 F.2d 1211 (3d Cir. 1976), cert. den. 429 U.S. 823, 97 S.Ct. 74, 50 L.Ed.2d 84 (1977); unlawful price discrimination exercised with respect to a trademark, *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena, supra*; or engaging in other illegal anti-competitive practices. It is clear that no such use of the plaintiffs' registered trademark is alleged in the case at bar. The defendants' claim, simply stated, is that plaintiffs' actions in registering and enforcing their trademark have conferred upon them the equivalent of an unlawful monopoly in the market for air fresheners, by virtue of the fact that the public has come to associate the pine tree design with such devices.

As stated previously, trademark laws may not be used to monopolize with respect to a certain product. *Canal Company v. Clark*, 80 U.S. 311, 13 Wall. 311, 20 L.Ed. 581 (1871); *Phi Delta Theta Fraternity v. J. A. Buchroeder & Company*, 251 F.Supp. 968, 149 U.S.P.Q. 159 (W.D.Mo. 1966); *California Packing Corporation v. Sun-Maid Raisin Gr., Etc.*, 165 F.Supp. 245, 119 U.S.P.Q. 304 (S.D.Cal.1958), aff'd. 273 F.2d 282 (9th Cir. 1959). The Code provisions relative to trademarks expressly provide that such a monopolistic utilization of a trademark registration is a defense to a trademark infringement action. 15 U.S.C. § 1115(7).

The test to be applied in determining whether a trademark is being unlawfully used to confer a monopoly in a certain product is the same as in any other case wherein an unlawful monopoly, or attempt to monopolize, is alleged under Section 2 of the Sherman Act, 15 U.S.C. § 2. *United States v. E. I. DuPont deNemours & Co.*, 351 U.S. 377, 76 S.Ct. 994, 100 L.Ed. 1264 (1956); *Coca-Cola Company v. Howard Johnson Company*, 386 F.Supp. 330 (N.D. Ga.1974). There is a violation of that provision only if the plaintiffs' actions have led to or resulted in a dangerous probability that it will gain a monopoly over the product in issue. *Id.*; see also *Dollcraft Co. v. Nancy Ann Storybook Doll*, 94 F.Supp. 1 (N.D.Cal.1950).

The first, and perhaps most important, task required to be performed is to define the relevant product in issue. In this particular case, there is little doubt that, for purposes of this analysis, the appropriate product unit is not pine-tree shaped air fresheners. Rather, based upon the theory of interchangeability, or "cross-elasticity", which allows for closely related product substitutes to be considered in the relevant market, the appropriate unit here is *de minimus* comprised of all air fresheners suitable for use in automobiles and other similar vehicles. Cf. *United States v. E. I. DuPont deNemours & Co.*, *supra*, and *Coca-Cola Company v. Howard Johnson Company*, *supra*. This Court is of the opinion that, under any set of facts which could be proven by the defendants in support of their antitrust counterclaim, the acts of the plaintiffs in registering and enforcing the trademark in issue did not create a dangerous probability that the plaintiff would gain monopoly power in the market for auto air fresheners. Rather, the acts complained of merely represent fair and aggressive competition which does not constitute a violation of the antitrust laws. *Drop Dead Co. v. S. C. Johnson & Son, Inc.*, 326 F.2d 87, 139 U.S.P.Q. 465 (9th Cir. 1963).

This conclusion is not meant to imply that the defendants may not attack the validity of plaintiffs' registered trademark in the action. The defendants may well have legitimate grounds to claim, as a defense to the action, that the trademark registration is invalid because the pine-tree configuration relates to the nature of the product, and has not acquired a secondary meaning. *Flexitized, Inc. v. National Flexitized Corporation*, 335 F.2d 774, 173 U.S.P.Q. 346 (2d Cir. 1964); *Dollcraft Co. v. Nancy Ann Storybook Doll*, *supra*. Similarly, the defendant may be able to assert, as a defense to the claim of infringement, the clean-hands doctrine based upon any misuse or

fraudulent procurement of the registration. 15 U.S.C. § 1115; *Phi Delta Theta Fraternity v. J. A. Buchroeder & Company, supra*; cf. *Tempo Music, Inc. v. Myers*, 407 F.2d 503, 160 U.S.P.Q. 707 (4th Cir. 1969). This Court merely holds that the plaintiffs' efforts to register and protect the trademark in issue did not constitute an unlawful attempt to monopolize in violation of 15 U.S.C. § 2. The defendants' third counterclaim is accordingly dismissed.

It is so ordered.