**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

SEP 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In the Matter of: USA COMMERCIAL MORTGAGE COMPANY. | No. 09-15632 |
| | D.C. No. 2:07-cv-00892-RCJ |
| DONNA CANGELOSI; et al., | District of Nevada, Las Vegas |
| Plaintiffs - Appellants, | |
| v. | MEMORANDUM[*] |
| SILAR ADVISORS, LP; et al., | |
| Defendants - Appellees, | |
| WILLIAM A. LEONARD, Jr., Trustee for the Estate of Asset Resolution LLC, | |
| Trustee - Appellee. | |

Before: GOODWIN and W. FLETCHER, Circuit Judges, and MILLS, Senior District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted November 3, 2009
Submission Withdrawn November 6, 2009
Resubmitted September 7, 2010
San Francisco, California

Appellants Cangelosi, Castillo, Chaudhry, Eller, Graham, Hess, Knoles,

Kriss, Lafayette, Lucas, Maraden, Mortensen, Newman, Schoonover, Simon,

Tengan, Westbrook, and Zawacki (collectively, "Appellants") appeal district court

orders denying Appellants' motion to vacate a preliminary injunction, granting

Appellees Silar Advisors, L.P., Silar Special Opportunities Fund, L.P., and Asset

Resolution, LLC's (collectively, "Appellees") motion to modify the preliminary

injunction to substitute the beneficiary, and denying Appellants' request for an

injunction bond.  We have jurisdiction under 28 U.S.C. § 1292(a)(1).  We affirm in

part and reverse in part.

## I.  FACTUAL AND PROCEDURAL HISTORY

USA Commercial Mortgage Company ("USACM") was a short-term high

interest rate mortgage loan underwriter, originator, broker, funder, and servicer.

USACM solicited individuals and entities (the "direct lenders") to invest in

fractionalized interests in those loans.  There were often 200 to 300 direct lenders

for a single loan transaction. This litigation involves servicing rights to approximately 60 loans currently valued at approximately $485 million dollars. Appellants are some of those direct lenders.

USACM filed voluntary Chapter 11 bankruptcy in 2006 and its assets were sold at auction. The loan servicing rights were a valuable asset because of the loan servicing fees and the possibility of default interest, late charges, success fees, and other fees. Compass Partners, LLC ("Compass"), submitted the highest bid for the assets.

The recognized bankruptcy committees, including the committee representing the direct lenders, relied on Compass's ability to obtain financing for the $67 million purchase price. Appellee Silar Advisors, L.P. ("Silar") financed Compass's purchase, and perfected a security interest in the assets.

Shortly after confirmation of the bankruptcy plan, some dissatisfied direct lenders wanted to terminate Compass as servicer. On May 18, 2007, those direct lenders sent a letter to Compass that purported to terminate Compass as servicer, and sent letters to the borrowers that stated that Compass was no longer the servicer and that payments should be made directly to the lenders.

The dissatisfied direct lenders sued Compass in federal court, and the case was transferred to bankruptcy court as an adversary proceeding. The bankruptcy

court issued a stand-still order to preserve the status quo as it existed on May 15, 2007, before the direct lenders sent the letters or filed the suit. The order stated that Compass would remain the loan servicer and the borrowers would pay Compass. The bankruptcy court then transferred the case back to district court.

The dissatisfied direct lenders moved in the district court to dissolve the bankruptcy court's stand-still order. Instead of dissolving the order, the district court continued it as a preliminary injunction on November 6, 2007. To protect the direct lenders, the preliminary injunction orders, *inter alia*, that Compass must employ a Nevada-licensed subservicer; Compass must place any disputed fees in a remittance account; and Compass may not transfer or encumber its right as a loan servicer, except the existing encumbrances to Silar.

By this time, Compass's assets were drained. Silar foreclosed on Compass and created an affiliate company, Asset Resolution, LLC ("Asset Resolution"), to hold the loan servicing rights. The direct lenders allege that Compass and Asset Resolution performed badly as servicer by, for example, failing to pay property taxes, failing to perform maintenance, and improperly refusing loan payoff offers.

On January 15, 2009, a group of direct lenders filed a motion to vacate the preliminary injunction. The court stated that because Compass was no longer actively participating in the litigation, there would be no basis for continuing the

injunction unless Asset Resolution substituted for Compass. On March 2, 2009, Appellees filed a motion to substitute Asset Resolution for Compass under Federal Rule of Civil Procedure 25(c). At the combined hearing on the motions, Appellants asked the court to impose an injunction bond if it granted Appellees' motion to substitute. The court denied Appellants' motion to vacate, granted Appellees' motion to substitute, and denied Appellees' request for an injunction bond. Appellants appeal those orders.

## II.     DISCUSSION

This Court reviews for abuse of discretion a grant of a preliminary injunction. *See A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir 2002). If a party did not appeal the underlying preliminary injunction but does appeal a modification to the injunction, review is generally limited to the propriety of the modification and does not reach the underlying injunction. *Gon v. First State Ins. Co.*, 871 F.2d 863, 866–67 (9th Cir. 1989). However, the extent of review depends on the extent to which the modification implicates the underlying injunction because "a modification may be so fundamental to the original injunction, or may otherwise present issues so inextricable from the validity of the original injunction, that review must include the whole package." *Id.* Likewise, if a party did not appeal the underlying injunction but does appeal a denial of a

motion to modify or vacate, review is generally limited to the propriety of the denial of the motion to modify or vacate unless the new issues are inextricably intertwined with the underlying injunction. *Id*.

A.   *Whether the District Court Erred by Not Requiring an Injunction Bond*

The preliminary injunction issued without a bond requirement on November 6, 2007. As the district court noted, Appellants' time to appeal the denial of a bond requirement for the underlying injunction has expired. *See* Fed. R. App. P. 4(a)(1)(A) ("In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.").

At the combined hearing on Appellants' motion to vacate and Appellees' motion to substitute the beneficiary, Appellants asked the court to modify the injunction by imposing an injunction bond if it substituted Asset Resolution as the beneficiary. Compass and Asset Resolution's alleged failures as loan servicer–including allegedly failing to properly distribute money, failing to pay property taxes, and improperly refusing loan payoff offers–are a sufficient change in circumstances that the district court should have considered Appellants' request for an injunction bond. Those harms allegedly caused more damage to the direct

-6-

lenders than could be compensated by the amounts held in the remittance account. Rather than consider this request, district court rejected the request as untimely. We disagree with the district court's conclusion on the timeliness of the request. Accordingly, we remand to the district court for findings on whether an injunction bond is warranted.

B.    *Whether the District Court Erred by Substituting Asset Resolution as Beneficiary*

Appellees argue that the order substituting Asset Resolution as beneficiary of the preliminary injunction is not an appealable order. Their only authorities for that proposition are Appellants' "admission" that the order is not appealable and a Ninth Circuit case, *Educ. Credit Mgmt. Corp. v. Bernal (In re Bernal),* 207 F.3d 595 (9th Cir. 2000). Appellants' "admission" is merely their characterization of a statement made by the district court, and it cannot be considered a party admission. Moreover, the district court did not state that the modification is not appealable, but rather stated only that the modification did not create a "brand-new preliminary injunction" that reset the appeals period for all issues. Therefore, Appellees' "admission" is no help to Appellants.

Appellants cite *Educ. Credit Mgmt.* for the proposition that party substitutions under Federal Rule of Civil Procedure 25(c) are not appealable.

*Educ. Credit Mgmt.* supports the opposite conclusion. There, a bankruptcy court denied a third party's motion to intervene as a matter of right or for permissive intervention. 207 F.3d at 597. This Court concluded that the third party should have filed a motion to substitute under Rule 25(c). *Id.* at 598. In doing so, the Court cited cases that reviewed Rule 25(c) orders under the abuse of discretion standard, although those precedent cases denied, rather than granted, party substitutions. *Id.* (*citing Dodd v. Pioche Mines Consol., Inc.*, 308 F.2d 673, 674 (9th Cir. 1962), *Sun-Maid Raisin Growers v. California Packing Corp.*, 273 F.2d 282, 284 (9th Cir. 1959), and *Collateral Control Corp. v. Deal (In re Covington Grain Co., Inc.)*, 638 F.2d 1362, 1364 (5th Cir. 1981)).

We need not decide whether review extends to orders granting, rather than denying, motions to substitute because we find no basis for reversal. Appellants' only argument against the substitution, aside from the bond issue discussed above, is that the order binds non-party direct lenders who did not receive the notice required by Federal Rule of Civil Procedure 65(a)(1). Appellants' briefs do not state that any Appellant lacked notice, and counsel was unable to state at argument that any Appellant lacked notice. Thus, Appellants are improperly attempting to raise the rights of third parties not presently before the court. *See Wedges/Ledges of California v. City of Phoenix*, 24 F.3d 56, 61 (9th Cir. 1994) ("The prudential

-8-

limitations [on standing] include a requirement that the plaintiff assert his own rights, rather than rely on the rights or interests of a third party . . . .") (internal quotation marks and citation omitted).

We affirm the order substituting Asset Resolution as beneficiary.

C. *Whether the District Court Erred by Denying Appellants' Motion to Vacate*

Appellants argue that the preliminary injunction and the modification should be vacated for lack of findings regarding irreparable injury and likelihood of success on the merits. *See Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2008); *Alliance for the Wild Rockies v. Cottrell*, No. 09-35756, 2010 U.S. App. Lexis 15537, at *8–9 (9th Cir. July 28, 2010). Such arguments are untimely as to the underlying injunction. *See* Fed. R. App. P. 4(a)(1)(A). Appellants may appeal only the modification, or portions of the underlying injunction inextricably intertwined with the modification, based on lack of irreparable harm or likelihood of success. *See Gon*, 871 F.2d at 866–67.

Appellants argue that Appellees face no irreparable harm because Appellees have only a financial interest in the loan servicing agreements and can sue for damages. This argument is directed at the underlying injunction and is untimely.

Appellants argue that Appellees are not likely to prevail on the merits because Appellees were terminated as servicer, and because Appellees do not meet Nevada's requirements for loan servicers. Regarding termination, Appellants argue that the direct lenders terminated Appellees as a matter of Nevada law and as a matter of agency law. The district court stated, "The question of Compass's termination has not been resolved as it requires the determination of factual issues." Even Appellants acknowledge "that issue has yet to be determined." Accordingly, the alleged termination provides no basis at this time for reversal. Appellants also argue that a preliminary injunction may not prevent the lenders from terminating Asset Resolution as servicer. *See Woolley v. Embassy Suites, Inc.*, 227 Cal. App. 3d 1520, 1529–31 (1991). This is a challenge to the underlying injunction and is untimely.

Appellants argue that Appellees are unlawfully acting as agent to the direct lenders without a valid power of attorney as required by Section 645B.330 of the Nevada Revised Statutes. The district court found that Appellees are neither mortgage brokers nor located in Nevada, rendering the statute inapplicable to Appellees. Appellants do not dispute the court's findings, but argue that the loan servicing agreements' choice of law clause requires Appellees to comply with Section 645B.330. We do not read this clause, which relates to construction of the

contract, as requiring Appellees to comply with Section 645B.330 even though they are neither mortgage brokers nor located in Nevada.

Thus, the modification is not improper because Appellees are unlikely to succeed on the merits.

Appellants argue that Appellees should be denied injunctive relief under the unclean hands doctrine because the district court "announced its apparent view" that Appellees' predecessor, Compass, engaged in inequitable conduct. This argument is directed at the underlying injunction, and Appellants did not move to vacate the injunction until approximately nine months after the district court's statement. Moreover, Appellants do not allege that they raised this argument to the district court. Even if Appellants did raise this argument to the district court, this Court reviews for abuse of discretion a denial of an unclean hands defense, even if the denial was *sub silento*. *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1209–10 (9th Cir. 2000). Given the conduct of the parties to this case, we find no abuse of discretion in the district court's rejection of this argument.

Appellants argue that the preliminary injunction freezes their assets, and that is not allowable under *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund*, 527 U.S. 308 (1999). That case is not helpful to Appellants. There, the Court held that a district court cannot issue a preliminary injunction to freeze assets of a

defendant that are unrelated to the case to ensure the defendant will have money to pay a future judgment. *Id.* at 333. Here, the preliminary injunction relates to property at issue in the case.

Finally, Appellants argue that Appellees have a conflict of interest because their primary duty is to their own shareholders rather than the direct lenders. We find no merit in this argument.

Thus, the district court did not abuse its discretion in denying Appellants' motion to vacate the preliminary injunction.

## III.   CONCLUSION

This case is remanded for the district court to determine whether an injunction bond is warranted. The interlocutory orders are affirmed in all other respects.