**SINCLAIR OIL CORPORATION,**
**Plaintiff,**

v.

**UNION OIL COMPANY OF CALIFORNIA and Varian Associates,**
**Defendants.**

**HIROCA CORPORATION, Plaintiff,**

v.

**UNION OIL COMPANY OF CALIFORNIA and Varian Associates,**
**Defendants.**

**Nos. 68 Civil 3261, 68 Civil 3412.**

United States District Court

S. D. New York.

May 7, 1969.

McLean, Morton & Boustead, New York City, for plaintiffs, Roger T. McLean, Henry W. Foulds, Jr., New York City, of counsel.

Brumbaugh, Graves, Donohue & Raymond, New York City, Lyon & Lyon, Los Angeles, Cal., for defendants, Mark N. Donohue, New York City, Richard E. Lyon, Los Angeles, Cal., of counsel.

OPINION

HERLANDS, District Judge:

Defendants have moved to transfer this consolidated action to the Central District of California, or, alternatively, to the Northern District of California "[f]or the convenience of the parties and witnesses, [and] in the interest of justice * * *." 28 U.S.C. § 1404(a)

(1964). For the reasons stated below, the Court denies the motion.

This action is one for a judgment declaring invalid and non-infringed various patents held by defendant Varian Associates, and exclusively licensed to defendant Union Oil Company of California. The product embodying the patented inventions was developed and manufactured by Varian in Palo Alto, California. Plaintiffs' system, which employed the assertedly infringing device, was developed and used in various states, including New York and California, though it is claimed that no significant development or use occurred in California. Affidavit of Robert R. Chambers, sworn to December 27, 1968, § 8. This system was manufactured in a few states, not including New York and California. Chambers Affidavit, § 8. Apparently, much, if not most, of plaintiffs' activities respecting their system is centered in Tulsa, Oklahoma.

Defendants have the heavy burden of making a "clear-cut showing that when all the interests are considered, trial would more conveniently proceed" in the proposed transferee district. Peyser v. General Motors Corporation, 158 F. Supp. 526, 529 (S.D.N.Y.1958). Defendants, in the main, however, have attempted to sustain this burden by showing the Southern District of New York to be an inconvenient forum—one basically unrelated to the principal issues in the litigation.

Though it is recognized that determination of this motion involves the *balancing* of competing interests and considerations, a conclusion that the balance tips in favor of the proposed transferee district cannot be based solely on a negative showing of inconvenience in the present forum, but must be based on an appropriate affirmative showing that the proposed transferee district offers greater convenience. *E.g.*, Oil & Gas Ventures—First 1958 Fund, Ltd. v. Kung, 250 F.Supp. 744, 755 (S.D.N.Y. 1966).

The Court concludes that the three conclusory affidavits filed in support of this motion fail to establish factually that the Central or Northern Districts of California would be more convenient.

These affidavits assert generally (1) that all Union Oil officials, records, and witnesses with regard to the licensing and commercial exploitation of the inventions involved in this litigation are located in California; (2) that all Varian Associates records, drawings, and documents relating to the development and construction of the invention are located in Palo Alto, California; (3) that Varian Associates' corporate facilities and technical personnel necessary to assist in the trial preparation of exhibits and demonstrations, and all potential witnesses in this regard, are located in Palo Alto, and (4) that it would be more convenient for four named witnesses to testify in California.

The affidavits do not contain, however, the prime element of an adequate presentation—the substance and significance of the documents and records and of the named and unnamed potential witnesses whose convenience assertedly would be served by transfer. Without such factual aid, the Court's resolution of the question of convenience would be a product more of speculation than of knowledgeable evaluation. *See* Riso Kagaku Corporation v. A. D. Dick Company, 300 F.Supp. 1007 (S.D.N.Y. May 7, 1969) filed this day.

Under these circumstances, and on the basis of the current record, the Court will, in the exercise of its discretion, refrain from disturbing plaintiffs' choice of forum. *See* Texas Gulf Sulpher Co. v. Ritter, 371 F.2d 145, 148 (10th Cir. 1967); Baksay v. Rensellear Polytech Institute, 281 F.Supp. 1007, 1010 (S.D. N.Y. 1968); Polychrome Corp. v. Minnesota Mining & Manufacturing Co., 259 F.Supp. 330, 335 (S.D.N.Y. 1966); Popkin v. Eastern Air Lines, 253 F.Supp. 244, 248 (E.D.Pa. 1966); Peyser v. General Motors Corporation, *supra* at 529; National Tea Co. v. The Marseille, 142 F.Supp. 415, 416 (S.D.N.Y. 1956).

Motion denied. So ordered.