**Harold W. CHRISTEN and Margaret E. Christen, Plaintiffs,**

v.

**Thomas W. GROFF, Defendant.**

No. 70-C-336.

United States District Court, E. D. Wisconsin.

Dec. 4, 1970.

Lichtsinn, Dede, Ryan & Haensel, S. C. by Robert G. Felker, Milwaukee, Wis., for plaintiffs.

Kivett & Kasdorf by Nonald J. Lewis, Milwaukee, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved to transfer this action to the western district of

---

Kentucky, pursuant to 28 U.S.C. § 1404(a). The action is brought by citizens of Indiana against a citizen of Wisconsin for damages arising out of an automobile accident that occurred on July 7, 1969, near Scottsville, Kentucky.

28 U.S.C. § 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The defendant's motion contends that the action should be transferred for the convenience of the probable witnesses. In addition, the defendant urges that "because of the peculiar nature of the roadway at and near and where this accident happened, a jury view might be most beneficial to the rights of the parties * * *"

Both parties concede that the western district of Kentucky is a forum in which the action "might have been brought", for the Kentucky district is the one "in which the claim arose." 28 U.S.C. § 1391(a). Furthermore, it is generally held that a defendant may move for transfer to a district where he is not otherwise amenable to service of process, thereby waiving any objection to lack of jurisdiction over him. See 1 Moore, Federal Practice ¶ 0.145[6.–3], at 1794 (1964).

The motion to transfer "lies within the broad discretion of the court." Amis Construction Co. v. Pressed Steel Tank Co., 279 F.Supp. 83, 86 (E.D.Wis.1968). In my opinion, the defendant has met his burden of showing that the transfer should be made. Huisman v. Geuder, Paeschke & Frey Co., 250 F.Supp. 631 (E.D.Wis.1966).

Now, therefore, it is ordered that the defendant's motion to transfer this action to the United States district court for the western district of Kentucky be and hereby is granted.