## MISSISSIPPI RIVER BRIDGE AUTHORITY, et al.

v.

## M/V POLA DE LENA, et al.

### Civ. A. Nos. 79–470, 79–492.

United States District Court,
E.D. Louisiana,
Section "K".

July 1, 1983.

Deutsch, Kerrigan & Stiles, Cornelius G. Van Dalen, New Orleans, La., H. Lee Lewis, Jr., Ross, Griggs & Harrison, Houston, Tex., James O. M. Womack, Burke & Mayer, New Orleans, La., for Boh Bros. Const. Co.

Mark J. Spansel, Thomas J. Wyllie, Adams & Reese, New Orleans, La., for Empresa Nacional Bazan, S.A.

Jim Holmes, Derek Walker, Chaffe, McCall, Phillips, Toler & Sarpy, Paul A. Nalty, Campbell E. Wallace, New Orleans, La., for Compania Gijonesa de Navigacion, S.A.

Milling, Benson, Woodward, Hillyer, Pierson & Miller, Neal D. Hobson, New Orleans, La., for Anschuetz & Co., GmbH.

William A. Porteous, III, Porteous, Toledano, Hainkel & Johnson, New Orleans, La., for Landis & Employers.

Paul A. Nalty, Campbell E. Wallace, Robert H. Murphy, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for Naviera Santa Catalina, S.A. CIA Gijonesia de Navigacion, S.A.

## OPINION

ARCENEAUX, District Judge.

This suit originally arose out of a collision of the M/V POLA DE LENA with a ferry landing and two ferry boats on the Mississippi River on February 3, 1979. Separate lawsuits were filed against the M/V POLA DE LENA, her owner and operator, Compania Gijonesa de Navigacion, S.A. ("Gijonesa"), and Naviera Santa Catalina, S.A., by the Mississippi River Bridge Authority ("MRBA") and Landis Construction Company, Inc. ("Landis"); the two cases were consolidated. Anscheutz & Co., GmbH ("Anscheutz") was brought into the suits on third-party complaint of Gijonesa, alleging that the Anscheutz steering mechanism was defective and improperly installed by Anscheutz. Thereafter, Anscheutz impleaded Empresa Nacional Bazan, S.A. ("Bazan"), the Spanish builder of the M/V POLA DE LENA, after entering into a partial settlement of the main claims.

The matter under examination was raised on motion of Bazan to dismiss the third-party complaint of Anscheutz under Fed.R. Civ.P. 12(b), on the grounds of sovereign immunity, lack of subject matter jurisdiction, lack of personal jurisdiction and on the doctrine of *forum non conveniens*. Oral

argument was heard on August 4, 1982; the Court ordered that supplemental memoranda be submitted upon completion of discovery relative to the motion and took the matter under submission. Several motions indicative of the apparent animosity between the parties were filed during this discovery period, and subsequent extensions of time were given on joint motions with the reassurance of counsel that this dispute would be amicably resolved. However, the parties were unable to reach an agreement and have called upon the Court to rule on the motion. Having thoroughly reviewed the memoranda of counsel, the record and the law, the Court is now prepared to rule.

In connection with Bazan's motion to dismiss and with Anscheutz's motion for an order enjoining Bazan from commencing proceedings in foreign forums, which latter motion was denied by the Court on March 16, 1983, the Court was briefed on the effect to be given a forum selection clause contained in agreements between Anscheutz and Bazan regarding the defective steering control mechanism installed aboard the M/V POLA DE LENA. The clause drafted by Bazan provides in translation:

> For whatever claims that may arise from this order, or from the contract of the same, the parties shall abide by the rules of the Courts of San Fernando, with the waiver of any other jurisdiction to which they might correspond. By the act of executing this order, in part or totally, it is understood that each and every one of the preceding conditions are accepted, unless expressly modified or annulled.

In a related offer for sale drafted and submitted by Hispano Radio Maratima ("Hispano"), the alleged agent of Anscheutz, to Bazan for the Anscheutz steering devices, the parties agreed:

> For all questions arising out of the interpretation and fulfillment of these conditions, both parties will submit to the Court and tribunals of Madrid, renouncing to any other forum that could pres-

ently correspond to them, or that could correspond to them in the future.

Bazan has recently initiated litigation against Anscheutz and Hispano in a Spanish Court.

It is clear to this Court that, during negotiations involving the steering mechanism, the parties clearly intended to litigate all disputes relative thereto in the Spanish Courts. The Court finds that the claims contained in Anscheutz's third-party claim fall within the purview of the forum selection clauses.[1]

The effect of such a finding on the matter *sub judice* restricts the Court's jurisdiction to an initial inquiry into the effect to be given the forum selection clause under the mandate enunciated by the United States Supreme Court in *M/S BREMEN v. Zapata Off-Shore Company*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In reversing the holding of the United States Fifth Circuit Court of Appeals that a forum selection clause should not be enforced unless the selected forum would provide a more convenient forum than the forum in which suit is brought, the Supreme Court held:

> The correct approach would have been to enforce the forum clause specifically unless Zapata could clearly show that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

*BREMEN, supra* at 15, 92 S.Ct. at 1916.

In elaborating on the showing required to invalidate a forum selection clause, the Supreme Court held that in a freely negotiated international commercial transaction:

> [I]t should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it

---

1. While the Court declines to rule on the existence of an agency relationship between Hispano and Anscheutz, or on whether potential actions should be tried in separate Spanish tribu-

nals, it does not hesitate to find that the parties consistently agreed to litigate all claims surrounding the steering mechanism in Spain.

would be unfair, unjust, or unreasonable to hold that party to his bargain.

*BREMEN, supra* at 18, 92 S.Ct. at 1917.

In this regard, the Court finds that Anscheutz has failed to show that the agreement to litigate these claims in Spain is unreasonable or unjust, or invalid for fraud or overreaching. Rather, the Court believes that the possibility that the mechanism would steer the completed vessel through international waters was foreseeable at the time the agreements were made. Under applicable law, this finding of lack of unreasonableness under the circumstances alone supports the Court's conclusion that Anscheutz is precluded from suing Bazan in these actions. In so holding, the Court further notes that this conclusion is independently buttressed not only by the present posture of the remaining litigation in this Court, but also by the fact that Anscheutz partially settled the main claims before Bazan was successfully, if only temporarily, impleaded some three years after Anscheutz's initial appearance in this litigation, and the fact that this Court has held that it is unwilling and unable to enjoin the ongoing Spanish litigation.

Accordingly, IT IS ORDERED that Bazan's motion to dismiss is GRANTED for reasons set forth in this opinion.