**INTERNATIONAL INVESTMENT AND EQUINE CONSULTANTS, INC.**

v.

**Michael JEBROCK, et al.**

**Civ. A. No. 83-188 ERIE.**

United States District Court,
W.D. Pennsylvania.

Oct. 25, 1983.

---

Joan G. Devlin, Pittsburgh, Pa., for plaintiff.

Melvin Schwartz, Charles P. Falk, Baskin & Sears, Pittsburgh, Pa., for defendants.

## MEMORANDUM AND ORDER

WEBER, District Judge.

Defendants, a Florida limited partnership and individuals residing in Florida have moved to transfer this case to a U.S. District Court in Florida or to the U.S. District Court in Delaware. The suit was brought in the Western District of Pennsylvania by a Delaware Corporation having its principal office in the Western District of Pennsylvania.

The Florida defendants objected that venue is improper in this District for a corporation incorporated in Delaware, and argue that the convenience of the parties and witnesses and the interest of justice

require a transfer to Florida under 28 U.S.C. § 1404(a). They cite the center of contacts of the within dispute as being in Florida.

Plaintiff resists these arguments, stating that the principal office of the Corporation is sufficient for venue purposes, that the center of contacts involved is in Pennsylvania, and that its choice of forum is entitled to consideration.

■ We find that venue was proper in this District and no sufficient showing under 28 U.S.C. § 1404(a) that the convenience of the parties and the witnesses compel the transfer of this case to Florida.

Defendants alternatively move that the action be transferred to the District of Delaware. They argue that venue is only available in Delaware under 28 U.S.C. § 1391(a) because plaintiff is a corporation incorporated in Delaware and that venue is appropriate only in the state of incorporation.

However, a more compelling factor is present. In their contract, the alleged breach of which forms the cause of action here, the parties recited:

"... and it is agreed that in any dispute which may arise out of this transaction, exclusive venue shall be in the State of Delaware."

Sec. 1404(a) governing transfer, allows transfers in the interest of justice to any district where the action might have been brought.

■ While it is not sufficient to argue that in moving for transfer a party is deemed to have waived objections to venue in such district (see *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960)), the rule is more compelling where the waiver is based on an agreement made before plaintiff commenced suit.

■ Such agreements have compelling force and should not be disregarded unless shown to be unreasonable under the circumstances. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Such a clause should

**594**

not be set aside unless there is a strong showing to the effect that enforcement would be unreasonable or unjust, or that the agreement was the product of fraud or overreaching. See, e.g., *Copperweld Steel Co. v. Demag-Mannesmann-Bohler,* 578 F.2d 953 (3d Cir.1978).

■ We find the agreement sufficient to allow a transfer pursuant to 28 U.S.C. § 1404(a), since the agreement expressly provides that the District of Delaware is one "where the lawsuit might have been brought".

The parties agreed that the agreement and the instruments executed by the parties would be governed by and construed in accordance with the laws of the State of Delaware. The parties at the time of the execution of the contract made a considered and deliberate choice of governing law and venue, and incorporated that choice, in lawyers' language, into their written contract. The defendants have waived any objection to lack of personal jurisdiction over them in Delaware by virtue of this agreement. *Cf., Christen v. Groff,* 319 F.Supp. 1391 (D.C.Wis.1970) (party may waive objection to personal jurisdiction by moving to transfer); *Aamco Automatic Transmissions, Inc. v. Hagenbarth,* 296 F.Supp. 1142 (E.D.Pa.1968) (in personam jurisdiction may be conferred by prior consent); *Andino v. Claiborne,* 148 F.Supp. 701 (S.D.N.Y.1957).

We therefore find a transfer to the District Court in Delaware appropriate and so order, and find it unnecessary to pass on Defendants motion to dismiss under F.R. Civ.P. 19 for failure to join a necessary party.

### ORDER

AND now, this 25th of October, 1983 It is Ordered that the within action is transferred to the United States District Court for the District of Delaware, under 28 U.S.C. § 1404(a).