MOBILE VIDEO SERVICES, LTD., Plaintiff,

v.

NATIONAL ASSOCIATION OF BROAD-CAST EMPLOYEES AND TECHNI-CIANS, AFL–CIO, Defendant.

No. 83 Civ. 4940 (MP).

United States District Court, S.D. New York.

Dec. 2, 1983.

Baer, Marks & Upham, New York City, for plaintiff by Michael Delikat, New York City, of counsel.

Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N.Y., for defendant by Eugene W. Salisbury and John R. LoGalbo, Buffalo, N.Y., of counsel.

OPINION

MILTON POLLACK, Senior District Judge.

The defendant has moved for a change of venue, pursuant to 28 U.S.C. § 1404(a), on the grounds that the plaintiff's choice of forum bears no connection with the operative facts of the litigation, the parties, or the sources of proof, and that all of the relevant factors to be considered by the Court warrant transfer of this case to the United States District Court for the District of Columbia. Plaintiff opposes such a transfer on the grounds substantially that the case will be decided on a motion for summary judgment without the need for the parties or the witnesses to give testimony, that the defendant's motion must be viewed as an unjustified effort to multiply the proceedings and unnecessarily put plaintiff to the cost of defending against a transfer and that none of the factors involved overcome the alleged heavy burden of the defendant required to disturb the plaintiff's choice of forum. Venue in this District was grounded on 29 U.S.C. § 185(c)

and it is undisputed that this District is an available forum for the suit.

For the reasons shown hereafter it appears appropriate to grant the motion for a change of venue.

Plaintiff filed this action to vacate a labor arbitration award rendered pursuant to its collective bargaining agreement with the defendant, on or about June 28, 1983. Defendant was served with a summons and complaint on October 20, 1983 and served its answer containing a compulsory counterclaim to enforce the said arbitration award on November 9, 1983. The motion presently pending was served upon plaintiff simultaneously with defendant's answer and counterclaim.

The parties are signatory to a collective bargaining agreement which provides for arbitration of disputes concerning the interpretation or application of its provisions. Pursuant to a demand for arbitration served by defendant, the parties arbitrated a dispute involving the duration of lunch breaks and the appropriateness of plaintiff's disciplinary action taken against an employee. By award dated March 28, 1983 the arbitrator sustained the grievance. Plaintiff commenced this action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The summons and complaint herein was served upon an employee of defendant, one Lawrence Dworkin, in New York City, who holds the title of "Assistant to the Network Coordinator." He had helped negotiate the collective bargaining agreement between the parties which was signed approximately a year and a half ago. However, since that time, he has had no responsibility for contract administration, grievance arbitration, or any other aspect of the defendant's collective bargaining relationship with the plaintiff. All of these matters are handled by the President at the defendant's principal office, which is located in Washington, D.C.

The plaintiff's principal—and only—office is located in Washington, D.C., where it employs approximately 40 employees in its news gathering and television production operations. Its primary client, with whom it conducts a majority of its business, is the Washington Bureau of Cable News Network. Although plaintiff does send its employees to locations throughout the United States in the course of their news gathering assignments, all employees are dispatched from, and report back to, the Washington office of the plaintiff.

All of the material occurrences which formed the factual basis for the arbitration award took place in Washington, D.C. All of the representatives of defendant and plaintiff who attended and testified at the arbitration hearing—excluding counsel—are residents of the Washington, D.C. metropolitan area. The arbitrator rendered his award in Washington, D.C. and also resides in the Washington metropolitan area. All of the documents submitted as exhibits to the arbitrator, except for those now in possession of counsel, are within the custody and control of plaintiff or of the defendant, both of whose offices are situated in Washington, D.C. This action could have been brought in the District Court for the District of Columbia. The only significant connection between this case and the Southern District of New York is the location of plaintiff's counsel, who maintain their offices in New York City.

Plaintiff seeks to vacate the Award on the grounds that the Arbitrator exceeded his powers in rendering his Award, and so imperfectly executed his powers that a final definite Award upon the subject matter submitted was not made; and further that the Award is contrary to the express language of the Agreement, and without a rational basis.

 Pursuant to 28 U.S.C. § 1404(a), a civil action may be transferred "[f]or the convenience of parties and witnesses, in the interest of justice." Decisions under this statute are committed to the discretion of the trial judge. *E.g., Brierwood Shoe Corp. v. Sears Roebuck & Co.,* 479 F.Supp. 563, 565 (S.D.N.Y.1979). The burden is upon the defendant to make "a clear cut showing ... that convenience and justice for all the parties demands that the litigation proceed elsewhere." *United States*

*Barite Corp. v. M.V. Haris,* 534 F.Supp. 328, 331 (S.D.N.Y.1982).

■ While in general a plaintiff's choice of forum is entitled to considerable weight, *Abramson v. INA Capital Management Corp.,* 459 F.Supp. 917, 921 (E.D.N.Y.1978), that choice is accorded less weight when, as in the instant case, "[t]he operative facts of [the] case have no material connection with this district." *Credit Alliance Corp. v. Nationwide Mutual Insurance, Co.,* 433 F.Supp. 688 (S.D.N.Y.1977).

■ Plaintiff argues that transfer should be denied because the Court's resolution of the case will require no oral testimony from witnesses, and that therefore there will be no problems with respect to witness availability or convenience. While convenience and availability of witnesses are plainly major considerations to be weighed under 28 U.S.C. § 1404(a), they are but two of the many factors which should be taken into account. *See, e.g., Schneider v. Sears,* 265 F.Supp. 257, 263 (S.D.N.Y.1967) (Weinfeld, J.) (enumerating seven of the criteria which are among those which the court is to consider under 28 U.S.C. § 1404(a)). Thus, even accepting plaintiff's premise, its argument is not dispositive of the question presented herein.

Under all the circumstances of this case, and in particular because there is no material connection between this district and the operative facts, the Court finds that the interests of justice require the transfer of this action.

Accordingly, defendant's motion for a change of venue to the United States District Court for the District of Columbia is granted, and the Clerk is directed to forthwith remit the papers herein to that Court.

SO ORDERED.