**HEYCO, INC., Plaintiff,**

v.

**H. Kerry HEYMAN, Defendant.**

**No. 85 Civ. 3461 (DNE).**

United States District Court, S.D. New York.

June 17, 1986.

Javits, Robinson, Brog, Leinwand & Reich, P.C., New York City (Jeffrey W.

Herrmann, Richard A. Dachs, of counsel), for plaintiff.

Burns Summit Rovins & Feldesman, New York City (John L. Amabile, Barbara E. Hoey, of counsel), for defendant.

## OPINION AND ORDER

EDELSTEIN, District Judge:

In this civil diversity action for breach of a restrictive covenant not to compete, defendant moves to dismiss the lawsuit for improper venue pursuant to 28 U.S.C. § 1406(a) (1982). Alternatively, defendant moves to transfer the action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a) (1982) on the ground that it would be in the interest of justice and convenient to the parties and witnesses for the action to be tried in New Jersey. Defendant's motion to dismiss is denied and its motion to transfer is granted, on the condition that he consent to the personal jurisdiction of courts sitting in New Jersey.

## FACTS

Defendant H. Kerry Heyman ("Heyman"), a New York domiciliary, was a long-time officer and chairman of plaintiff's predecessor corporation, Heyman Manufacturing Corporation, a New Jersey corporation with its principal place of business also in New Jersey.[1] Plaintiff is now known as Heyco, Inc ("Heyco"). On December 15, 1981, the parties entered into a buy-out agreement, whereby Heyman resigned his positions with and sold all of his stock in Heyco. The agreement included a covenant providing, in essence, that Heyman would not compete with Heyco.[2] Heyco

---

1. Heyco, through its subsidiary Heyco Metals, Inc., a Pennsylvania corporation, "was in December 1981 and still is in the business of selling nonferrous, copper-bearing alloys rerolled to the specification of Heyco's customers in basic stock supplied by major copper mills. Heyco engages in such sales throughout the entire continental United States and was doing so at the time of the agreement between the parties." Complaint at para. 9.

2. The pertinent provisions of the restrictive covenant are as follows:

[Heyman] agrees that for a period of five years from and after the Closing he will not ... directly or indirectly interfere with the advantageous business operation of [Heyco] or its subsidiaries, and further that for such period of five (5) years from the date hereof and within any locality, city, state, county, country, territory or other location wherein [Heyco] presently does business [he] will not, in any manner, directly or indirectly compete with [Heyco] or become financially interested (other than as a security holder of a public corporation) in a competitor of [Heyco] nor will he, directly or indirectly solicit, attempt

alleges that Heyman twice breached this covenant, once in late 1984 or early 1985 and again in May 1985.[3]

Heyman moves to dismiss the action for improper venue or, in the alternative, to transfer the action to New Jersey federal court. Heyman bases his motion primarily on contract provisions, which are commonly known as forum selection or consent-to-jurisdiction clauses ("forum selection clause"). These clauses read:

9. *Restrictive Covenant*

[Heyman] further acknowledge[s] that the remedy of [Heyco] for any breach of this provision shall be wholly inadequate and the [Heyco] shall, in addition to any other relief to which it may be entitled, be entitled to seek injunctive relief and damages in the Superior Court of the State of New Jersey, to whose jurisdiction [both parties] hereby consent.

18. *New Jersey Law To Govern*

This Agreement shall be deemed made in the State of New Jersey and shall be construed and enforced in accordance with the substantive law of New Jersey without resort to its choice of law rules. The parties expressly hereby submit to the personal jurisdiction of the courts of original jurisdiction of the State of New Jersey for resolution of all disputes arising under this Agreement.

Defendant's Exhibit A at paras. 9, 18. For the reasons set forth below, this court denies defendant's motion to dismiss and grants his motion to transfer, subject to the aforementioned condition.

to solicit, deal or do business with any person, firm, corporation, partnership or other entity who was a customer or supplier of [Heyco] or any of its affiliates or subsidiaries at the Closing or at any period within eighteen (18) months prior thereto.
Defendant's Exhibit A at para. 9.

3. The first alleged breach is that Heyman, either individually or through his closely held corporation, Bridgeport Brass Corp. ("Bridgeport"), "intends to consummate an agreement to purchase all the stock of, or a controlling interest in, Bryan Mills, Inc.," a competitor of Heyco that has "a principal place of business" in Ohio. Complaint at paras. 10, 13. The second alleged

## DISCUSSION

I. The § 1406(a) Motion to Dismiss.

28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In other words, a prerequisite to invoking § 1406(a) is that venue be improper. *Buhl v. Jeffes*, 435 F.Supp. 1149, 1151 (M.D.Pa.1977); 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3827, at 263 (2d ed. 1986). Venue is proper in this court, however, because defendant resides in New York County, which is located within the Southern District of New York. *See* 28 U.S.C. § 1391(a) (1982); 28 U.S.C. § 112(b) (1982).[4]

Defendant argues that the forum selection clause renders venue in the Southern District of New York improper. *See Hoffman v. Burroughs Corporation*, 571 F.Supp. 545, 551 (N.D.Tex.1982). However, in *Hoffman* and in cases that defendant cites to support its § 1406(a) motion, the forum selection clauses provided that a given court was to have *exclusive* power to hear the action. *See, e.g., AVC Nederland B.V. v. Atrium Investment Partnership*, 740 F.2d 148, 155 (2d Cir.1984) ("[a]ll and any disputes, differences or questions arising from the present Agreement shall be decided and determined by the competent court at Utrecht"); *Bense v. Interstate Battery Systems of America*, 683 F.2d 718,

breach is that Heyman caused Bridgeport "to purchase the Wilbur B. Driver rolling metals plant ... in Newark, New Jersey. Driver has special assets which will enable Heyman to compete with Heyco in high precision rolling applications." Complaint at para. 14.

4. Section 1391(a) provides: "A civil action wherein jurisdiction is founded only on diversity may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." Jurisdiction in this action is founded only on diversity of citizenship. Defendant does not dispute that he resides within the Southern District of New York.

**1548**

720 (2d Cir.1982) ("[t]he exclusive venue of any suits or causes or actions arising directly or indirectly from this AGREEMENT shall be in Dallas County, Texas"); *Mississippi River Bridge Authority v. M/V Pola de Lena,* 567 F.Supp. 311, 312 (E.D.La.1983) ("[f]or all questions arising out of the interpretation and fulfillment of these conditions, both parties will submit to the Court and tribunals of Madrid, renouncing to any other forum that could presently correspond to them, or that could correspond to them in the future"); *Gaskin v. Stumm Handel GMbH,* 390 F.Supp. 361, 363 (S.D.N.Y.1975) ("it is agreed that Essen [the Republic of West Germany] shall be the forum to which any controversy must be submitted"). By contrast, the clause in this case provides merely that the parties will "submit to the personal jurisdiction of the courts of original jurisdiction of the State of New Jersey for resolution of all disputes arising under this Agreement." As the court stated in *Credit Alliance Corporation v. Crook,* 567 F.Supp. 1462 (S.D.N.Y.1983), a case construing a similar clause in which the parties had consented to the jurisdiction of New York courts:

> Although this language *empowers* the New York courts to adjudicate this matter, it does not indicate that New York is the *exclusive* or the only appropriate forum where the case may be heard. In executing the agreement, [defendant] declared nothing more than her consent to the venue and jurisdiction of a court which might otherwise not exist....

*Id.* at 1465 (emphasis in original); *see Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955, 956 (5th Cir.1974) (clause stating: "parties submit to the jurisdiction of the courts of New York" does not limit actions to the courts of a "specified locale"); *Coface v. Optique du Monde, Ltd.,* 521 F.Supp. 500, 503, 506–07 (S.D.N.Y.1980) (clause stating: "consent to the jurisdiction

of the State and Federal courts sitting in New York in any action arising out of or connected in any way with this Agreement" held non-exclusive) (citing *Keaty,* 503 F.2d 955); *First National City Bank v. Nanz, Inc.,* 437 F.Supp. 184, 186–87 (S.D. N.Y.1975) (clause stating: "the Supreme Court of the State of New York, within any county of the City of New York shall have jurisdiction over any dispute" held to allow suit in other courts).[5] Similarly, under the clause at issue here, New Jersey courts are empowered to adjudicate this litigation, but the parties have not agreed that New Jersey is the exclusive forum. The clause merely allows plaintiff the option of another forum in which to sue.

Because venue is proper in this court, § 1406(a) is inapplicable. Defendant's motion to dismiss pursuant to § 1406(a) is therefore denied.

**II. The § 1404(a) Motion to Transfer.**

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The court finds that a transfer is convenient for the parties and witnesses and is in the interest of justice.

The determination of whether an action should be transferred pursuant to § 1404(a) depends upon a balancing of many different factors. These factors include not only convenience to the parties and witnesses but also the "relative ease of access to proof, availability of witnesses ... and 'all other practical problems which make trial of a case easy, expeditious, and inexpensive.'" *Hall v. E.I. DuPont De Nemours & Co.,* 345 F.Supp. 353, 385 (E.D. N.Y.1972) (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)). Further, "[t]here is a local interest in having localized controver-

**5.** In *Furry v. First National Monetary Corporation,* 602 F.Supp. 6, 8 (W.D.Okla.1984), a court transferred a case from Oklahoma to Michigan, relying on the following clause: "Michigan is a mutually reasonably convenient place for any trial concerning disputes arising out of this Agreement and [the undersigned] further agrees to submit to the jurisdiction of Courts in the State of Michigan with respect to claims arising out of this Agreement." This case is in the overwhelming minority, see *supra.* The court agrees with the majority of the cases that such a clause is non-exclusive.

sies decided at home." *Gulf Oil,* 330 U.S. at 509, 67 S.Ct. at 843. The party seeking the transfer bears the burden of establishing that the transfer is warranted, *see Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Bost v. New Jersey Transit Rail Operations,* No. 83 Civ. 5364, slip op. at 3 (S.D.N.Y. Apr. 10, 1984) [Available on WESTLAW, DCTU database], and that the balance of convenience weighs clearly in his favor, *see Y⁴ Design, Ltd. v. Regensteiner Publishing Enterprises,* 428 F.Supp. 1067, 1069 (S.D.N.Y.1977).

▬ In this case, plaintiff is a New Jersey corporation and defendant is a New York domiciliary. The parties agreed that their agreement be deemed made in the state of New Jersey, and that New Jersey substantive law, without resort to its choice of law rules, would control the agreement's construction and enforcement. The parties also consented to the personal jurisdiction of the courts of original jurisdiction of the State of New Jersey for resolution of all disputes arising under the agreement. Plaintiff now alleges that defendant breached the restrictive covenant by dealing with competitors of Heyco located in New Jersey and in Ohio. The court finds these facts sufficient to merit a transfer of this action to New Jersey federal court.

One factor to consider in determining a § 1404(a) motion to transfer is where the operative facts occurred. *See, e.g., Mobile Video Services, Ltd. v. National Association of Broadcast Employees and Technicians,* 574 F.Supp. 668, 670–71 (S.D.N.Y. 1983); *Copulsky v. Boruchow,* 545 F.Supp. 126, 128–29 (E.D.N.Y.1982). The agreement was executed in New Jersey. Hey-

man is alleged to have breached the restrictive covenant by negotiating with competitors of Heyco located in New Jersey and in Ohio. No act related to this litigation is alleged to have occurred in New York. This factor favors defendant's motion.

Another factor is the location of relevant witnesses and documents. *See, e.g., Mobile Video,* 574 F.Supp. at 670–71; *Copulsky,* 545 F.Supp. at 128–29 (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)). According to defendant's affidavit, witnesses that defendant would seek to depose before trial are presumably located in New Jersey. Further, documents that defendant will need to examine are located at Heyco's office in New Jersey. Defendant's Affidavit in Support of Motion at paras. 10–11. Such documents include plaintiff's current books and records, which need to be examined in order to determine whether plaintiff has suffered any actual injury from defendant's alleged breaches. *Id.* at para. 11. Plaintiff argues that defendant's failure to specify the names, locations, and expected testimony of key witnesses and the substance and significance of documents and records sought is sufficient to deny a motion to transfer.[6] *See, e.g., Factors, Etc.,* 579 F.2d at 218; *Car-Freshener Corporation v. Auto Aid Manufacturing Corporation,* 438 F.Supp. 82, 85 (N.D.N.Y.1977); *Sinclair Oil Corporation v. Union Oil Company of California,* 305 F.Supp. 903, 904 (S.D.N.Y.1969); *Riso Kagaku Corporation v. A.B. Dick Co.,* 300 F.Supp. 1007, 1010–11 (S.D.N.Y.1969). However, plaintiff's cases are distinguishable because in this case discovery was stayed at a pre-motion conference on October 10, 1985. Without the aid of discovery, defendant will not

---

6. Defendant in its affidavit states:

10. It should also be obvious that the location of plaintiff's principal place of business in New Jersey would make prosecution and defense of this action much simpler for all concerned if it were venued in New Jersey. Defendant will require the deposition and trial testimony of witnesses who were employees of the plaintiff to establish the circumstances surrounding the transaction and, more particularly, the scope of the restrictive covenant which plaintiff seeks to enforce.

Upon information and belief, these witnesses and documents are located in New Jersey.

11. In addition, in order to determine whether plaintiff has suffered any actual injury from defendant's alleged breach of the restrictive covenant, defendant will require the examination of plaintiff's current books and records, and will need to take testimony of plaintiff's present employees, also both presumably located in New Jersey.

Defendant's Affidavit in Support of Motion at paras. 10–11.

be held to the requirement of stating with precision each witness and document. Besides, it is only logical that witnesses and documents would be in New Jersey. Heyco is located there, and the agreement was made there. Defendant will most likely require the testimony of the New Jersey corporation's employees and need to know the contents of plaintiff's records to establish the circumstances and scope of the transaction that is alleged to have been breached and whether plaintiff has been harmed by defendant's alleged acts. Defendant's Affidavit in Support of Motion at paras. 10–11; Defendant's Memorandum of Law at 14. The court agrees with defendant that it is logical that most of the witnesses and documents would be located in New Jersey and that this factor also weighs in favor of transferring this case to New Jersey.

Another factor to consider is the residence of the parties. *Copulsky,* 545 F.Supp. at 128–29. Because plaintiff is incorporated and has its principal place of business in New Jersey, it does not, nor can it seriously, argue that New York is a more convenient forum than New Jersey, especially when none of the operative facts occurred in New York, but rather occurred in New Jersey. *See Pesin v. Goldman, Sachs & Co.,* 397 F.Supp. 392, 394 (S.D.N.Y.1975) ("[a]lthough a plaintiff's choice of forum is entitled to substantial weight, that weight may be diminished where, as here, suit is brought outside plaintiff's home forum"); *Ross v. Tioga General Hospital,* 293 F.Supp. 209, 211 (S.D.N.Y.1968) ("where, as here, plaintiff has chosen a forum which is neither her home nor the place where the cause of action arose that choice carries little weight"). This factor, then, also favors a New Jersey adjudication of this controversy.

 The existence of a forum selection clause is another factor to consider. The existence of such a clause, while not determinative, is entitled to some weight in determining a § 1404(a) motion to transfer. *Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 757–58 (3d Cir.1973); *Alpa S.A. Argoindustrial Alemano v. ACLI International Inc.,* 573 F.Supp. 1070, 1078 (S.D.N.Y.1983); *International Investment and Equine Consultants, Inc. v. Jebrock,* 573 F.Supp. 592, 593–94 (W.D.Pa.1983); *FullSight Contact Lens Corp. v. Soft Lenses, Inc.,* 466 F.Supp. 71, 74 (S.D.N.Y.1978). Although this case does not involve an exclusive forum selection clause, the parties have impliedly agreed that New Jersey would be a convenient forum.[7] This implied agreement also favors a transfer.

Another factor is which state's law is to govern the litigation. *See, e.g., Copulsky,* 545 F.Supp. at 128–29 (E.D.N.Y.1982). Even without the choice of law provision in the forum selection clause, there are sufficiently significant contacts with New Jersey to apply its substantive law: the agreement was executed in New Jersey; most of the operative facts occurred there; and, as a result, New Jersey has the greatest interest in this litigation. *See Babcock v. Jackson,* 12 N.Y.2d 473, 481–82, 191 N.E.2d 279, 283–84, 240 N.Y.S.2d 743, 749–50 (1963) (interest analysis); *Auten v. Auten,* 308 N.Y. 155, 160, 124 N.E.2d 99, 101–02 (1954) (center-of-gravity analysis).[8] A New Jer-

7. Among the factors used to determine whether a forum selection clause is reasonable and therefore enforceable are the identity of the law that governs the construction of the contract; the place of execution of the contract; the place where the transactions have been or are to be performed; the location of the parties, the convenience of prospective witnesses, and the accessibility of evidence; the relative bargaining power of the parties and the circumstances surrounding their dealings; and the presence or absence of fraud, undue influence, or other extenuating (or exacerbating) circumstances. *D'Antuono v. CCH Computax Systems, Inc.,* 570 F.Supp. 708, 712 (D.R.I.1983); 15 C. Wright, A.

Miller & E. Cooper, *Federal Practice and Procedure* § 3803.1, at 21–22 (2d ed. 1986). Plaintiff does not challenge the enforceability of the forum selection clause. Furthermore, in light of the above discussion of these factors, the clause at issue is clearly reasonable. Accordingly, it is a factor to be considered by the court.

8. Under *Van Dusen v. Barrack,* 376 U.S. 612, 639, 84 S.Ct. 805, 820, 11 L.Ed.2d 945 (1964), the transferee court is to apply the same law the transferor court would have applied. Under *Klaxon Company v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 496–97, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941), the federal dis-

sey federal court is better suited to apply New Jersey state law on restrictive covenants than is a New York federal court. *See, e.g., Kreisner v. Hilton Hotel Corporation,* 468 F.Supp. 176, 179 (E.D.N.Y. 1979); *Credit Alliance Corporation v. Nationwide Mutual Insurance Company,* 433 F.Supp. 688, 689 (S.D.N.Y.1977); *Y⁴ Design,* 428 F.Supp. at 1070; *Vaughn v. American Basketball Association,* 419 F.Supp. 1274, 1278 (S.D.N.Y.1976); *First National City Bank v. Nanz, Inc.,* 437 F.Supp. 184, 189 (S.D.N.Y.1975). Therefore, the applicability of New Jersey law also supports a transfer.

Lastly, defendant has waived any arguments against litigating in New Jersey by consenting to the personal jurisdiction of New Jersey courts. This factor also favors a New Jersey adjudication of this controversy.

As this court has stated: "[w]hile in general a plaintiff's choice of forum is entitled to considerable weight, that choice is accorded less weight when, as in the instant case, '[the] operative facts of [the] case have no material connection with this district.'" *Mobile Video Services, Ltd. v. National Association of Broadcast Employees and Technicians,* 574 F.Supp. 668, 671 (S.D.N.Y.1983). None of the operative facts occurred in New York; most of the relevant documents and witnesses are presumably and logically in New Jersey; plaintiff is a New Jersey corporation doing business there; the parties freely agreed that New Jersey is an appropriate forum; New Jersey law would probably control the resolution of this litigation, regardless of the forum selection clause; and defendant has consented to the personal jurisdiction of that state's courts. These factors taken together clearly dictate that adjudication of this action in New Jersey would be most convenient for the parties and witnesses and would be in the interest of justice. *See Y⁴ Design,* 428 F.Supp. at 1069. Defendant's motion to transfer this action to New Jersey federal court is therefore granted, on the condition that he consent to the

personal jurisdiction of courts sitting in New Jersey.

### CONCLUSION

Defendant's motion to dismiss this action for improper venue pursuant to 28 U.S.C. § 1406(a) is denied, and its motion to transfer this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a) is granted, on the condition that he consent to the personal jurisdiction of courts sitting in New Jersey.

SO ORDERED.

---

*See Babcock,* 12 N.Y.2d at 481–82, 191 N.E.2d at 283–84, 240 N.Y.S.2d at 749–50; *Auten,* 308 N.Y. at 160, 124 N.E.2d at 101–02.

trict court is to apply the choice-of-law rules of the state in which it sits. If this court were to hear the case, it would apply New Jersey law.