**Robert TOMCHUCK, Plaintiff,**

v.

**UNION TRUST COMPANY, Defendant.**

**No. 94 Civ. 6835 (JGK).**

United States District Court, S.D. New York.

Feb. 8, 1995.

Peter M. Levine, New York City, for plaintiff.

Stephen P. Ellman, Zeichner Ellman & Krause, New York City, James T. Shearin, Pullman & Comley, Bridgeport, CT, for defendant.

**OPINION AND ORDER**

KOELTL, District Judge:

This opinion memorializes the oral ruling made in open court on February 3, 1995.

The defendant, Union Trust Company, has made a motion to dismiss based on lack of personal jurisdiction, or, in the alternative, to transfer venue to the district of Connecticut. The Court denies the defendant's motion to dismiss on jurisdictional grounds without prejudice to renewal, and grants the defendant's motion to transfer venue to the District of Connecticut.

This case arises out of a complicated series of transactions involving a bankruptcy proceeding and related lender-liability litigation, a settlement agreement between the plaintiff and defendant that resolved the plaintiff's claim in the bankruptcy case and various releases that were given to other parties to the bankruptcy proceeding. As a result of the related proceedings, a note under which the plaintiff was a debtor was sold, at auction, by the Sheriff in Connecticut.

■ The defendant claims that this Court does not have personal jurisdiction over it. Union Trust Company is a Connecticut banking corporation with its principal place of business in Connecticut. Union Trust argues that it has not "done business" in New York to subject it to personal jurisdiction under CPLR § 301. Union Trust further argues that the plaintiff's cause of action arises out of an agreement entered into between Union Trust and Eastec pertaining to a judicial sale that was executed by order of Judge Daly, in Connecticut. Accordingly, Union Trust argues that it is not subject to jurisdiction under CPLR § 302. Finally, Union Trust argues that it does not have sufficient contacts with New York to make any exercise of personal jurisdiction over it comport with due process.

The Court is somewhat skeptical of a claim by a national bank that it is not subject to personal jurisdiction in New York. However, it is unnecessary to resolve this issue in the context of the pending motion because the Court has the power to transfer the case, if appropriate, regardless of whether it has personal jurisdiction over the defendant. *See Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77, 80 (2d Cir.1978) (court has power to transfer a case even absent personal jurisdiction over the defendants); *see also Volkswagen De Mexico v. Germanischer*

*Lloyd,* 768 F.Supp. 1023, 1028 (S.D.N.Y.1991) (Cedarbaum, J.) ("A district court has the power to transfer a case to another judicial district pursuant to 28 U.S.C. §§ 1404(a) and 1406(a) whether or not the transferor court has personal jurisdiction over the defendant.... Where the transferor court lacks personal jurisdiction over a defendant, transfer is appropriate if it is in the interest of justice.") (citing *Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77, 80 (2d Cir.1978)).

■ Both 28 U.S.C. § 1404(a) and § 28 U.S.C. 1406(a) are relevant to the defendant's motion. 28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a) (1988). 28 U.S.C. § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a) (1988). The defendant's motion requires this Court to conduct "an 'individualized, case-by-case consideration of convenience and fairness,'" *Cento Group, S.P.A. v. OroAmerica, Inc.,* 822 F.Supp. 1058, 1060 (S.D.N.Y.1993) (Sweet, J.) (quoting *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2243–44, 101 L.Ed.2d 22 (1988)), and the defendant bears the burden of establishing that there should be a change of venue. *Essex Crane Rental Corp. v. Vic Kirsch Constr. Co.,* 486 F.Supp. 529, 536 (S.D.N.Y.1980) (Haight, J.).

■ This Court is required to consider various factors that address both private and public interests, none of which is controlling in itself. *Gulf Oil v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The relevant factors include the place where the operative facts occurred, the convenience of the parties and witnesses, the principal places of business and operations of the parties to the action, the location of documents, the relative ease of access to the sources of

proof, the availability of process to compel attendance of unwilling witnesses, the plaintiff's choice of forum, a forum's familiarity with the governing law, trial efficiency and the interest of justice. *Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F.Supp. 993, 996 (S.D.N.Y.1990) (Sweet, J.). Here, the defendant has demonstrated that, balancing the competing conveniences, the interest of justice mandates a transfer to Connecticut.

First, with respect to the private interest of the litigants, the defendant contends that none of the events underlying the complaint occurred in New York and that all of the operative events occurred in Connecticut. The only relation with this district, according to Union Trust, is that the plaintiff's attorney is here and a Settlement Agreement was negotiated and executed here.

The plaintiff relies heavily on the fact that this Settlement Agreement was negotiated and performed by the plaintiff in New York and that it contains a New York choice-of-law clause. But the defendant more persuasively argues that the original claim—and the thrust of the lawsuit—appears to be the breach of the so-called "Execution Agreement" which, if it existed, was to be performed in Connecticut. It is appropriate to place diminished emphasis on the Settlement Agreement, including where it was negotiated and executed, in light of all of the arguments raised with respect to the Settlement Agreement. The defendant has argued that the plaintiff's claim for breach of the covenant of good faith and fair dealing, based on the Settlement Agreement, is meritless. The defendant further has argued that it is telling that the plaintiff did not assert this claim until he amended his complaint and that the amendment represents a kind of concession by the plaintiff that the Court did not have jurisdiction over the defendant. The defendant alleges that the addition of the claim is an attempt to manufacture jurisdiction and an attempt to justify keeping this case in this district, rather than transferring it to Connecticut.

The plaintiff also argues that he will suffer hardship if he is forced to litigate this case in Connecticut; he argues that he, individually, has no connection with the State of Connecticut and that he should not, therefore, be forced to litigate there and incur the resulting additional legal expenses. The plaintiff is from Illinois. The Court cannot attribute much weight to the argument that litigating in Connecticut is appreciably more inconvenient that litigating in New York for a plaintiff who lives in Illinois.

■ Also, the plaintiff complains that the defendant has not set forth, with particularity, the identity of the witnesses who reside in Connecticut or the substance of their testimony. The plaintiff is quite right that generally, a defendant must make such a specific showing to prevail on its motion to transfer on the ground that it would be more convenient for the witnesses. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978) ("When a party seeks the transfer on account of the convenience of witnesses under § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover."), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *see also Don King Prods., Inc. v. Douglas*, 735 F.Supp. 522, 534 (S.D.N.Y.1990) (Sweet, J.) (same).

Union Trust has responded by arguing that it cannot so specify its potential witnesses or their testimony because the plaintiff bases his suit on an Execution Agreement which Union Trust claims does not exist. The cases recognize that there are circumstances in which a defendant's failure to specify the witnesses and the substance of their testimony may be excused. For example, in *Heyco, Inc. v. Heyman*, 636 F.Supp. 1545 (S.D.N.Y.1986) (Edelstein, J.), the court found that transfer was appropriate even though the defendant did not make a specific showing with respect to the testimony of its witnesses and the substance and significance of its documents. *Id.* at 1551. The court explained that because discovery had been stayed, the defendant would not be held to the requirement of stating, with precision, each witness and document. *Id.* at 1549–50. The court found that it was "only logical" that the witnesses and documents would be in New Jersey and found that this factor weighed in favor of transferring the case to

New Jersey. *Id.* at 1550. Here, too, reasons exist to excuse the defendant from such a requirement. First, a discovery schedule has not been set in this case and neither side has enjoyed the benefit of discovery at this time. Second, the Court accepts the defendant's argument that it cannot specify the witnesses and documents with precision at this point, when it argues that the Execution Agreement, upon which the plaintiff has premised his case, does not exist. The Court also accepts the defendant's representation, and the plaintiff's implicit agreement, that all relevant documents are in Connecticut, as are the Union Trust witnesses, the purchaser of the Eastec note, the Sheriff who executed the judicial sale of the note and at least all of the witnesses who will testify about the so-called Execution Agreement.

The connections with Connecticut are extensive: the sale of the plaintiff's note was ordered in a suit in the Connecticut courts; the note was located in Connecticut prior to the seizure by the Sheriff; the Sheriff is located in Connecticut; the auction was conducted in Connecticut; Union Trust is in Connecticut; the majority of the witnesses are from Connecticut; and the relevant documents are, primarily, in Connecticut. Especially where the operative facts upon which litigation is based bear little or no material connection to the chosen district, courts have lessened the emphasis placed on honoring the plaintiff's choice of venue. *See, e.g., Essex Crane Rental Corp. v. Vic Kirsch Constr. Co.,* 486 F.Supp. 529, 537 (S.D.N.Y.1980) (Haight, J.) (citations omitted).

With respect to the public interests, Judge Daly already is intimately familiar with the transactions out of which this litigation arose, along with the applicable law. It is clear that Connecticut has an interest in adjudicating the pending litigation which is so intimately connected with the previous litigation. The interest in judicial economy thus weighs in favor of transferring this case to the District of Connecticut.

Finally, Judge Lasker previously transferred the lender-liability action from the Southern District of New York to the District of Connecticut pursuant to 28 U.S.C. § 1404. The Court finds Judge Lasker's reasoning persuasive. Judge Lasker explained that: a "serious question" existed with respect to personal jurisdiction over the defendants in that action; the transactions occurred in Connecticut primarily; and there already was pending litigation pertaining to the subject matter in the District of Connecticut before Judge Daly. Similarly in this case, there is at least some issue with respect to personal jurisdiction, the transactions occurred almost exclusively in Connecticut and there has been prior related litigation before Judge Daly.

The Court, therefore, grants the defendant's motion to transfer the case to the District of Connecticut.

**SO ORDERED.**