Edwards v. USA                    CV-94-182-L    04/19/95

**THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


A. G. Edwards

    v.                                                    #C-94-182-L

United States of America, et al.


**ORDER ON MOTION TO TRANSFER TO THE DISTRICT OF NEVADA**


The federal defendants filed this motion to transfer plaintiff's action to the United States District Court for the District of Nevada.

Defendant International Mining Company (IMC) has moved for dismissal based upon improper venue under 28 U.S.C. § 1406(a). In the alternative, the defendant IMC moves that the action should be transferred to the District of Nevada pursuant to 28 U.S.C. § 1404(a).

Defendants also assert a lack of venue in this case. By addressing this motion, the court will also dispose of the venue issue.

"When venue is improper, transfer is governed by 28 U.S.C. § 1406(a), which permits transfer to any district in which the action could have been brought `if it be in the interest of justice.'" McFarland v. Yegen, 699 F. Supp. 10, 15 (D.N.H.

1988).

Plaintiff is a New Hampshire resident who owns land in Nevada where he operates a cattle or livestock business. Plaintiff seeks judicial review in this district of the United States Bureau of Land Management's Environmental Assessment of the proposed tailings facility at IMC's Jerritt Canyon Project, in Bureau of Land Management's (BLM) Elko, Nevada, Resource Area and of a proposed land exchange in the same vicinity.

28 U.S.C. 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice . . . .  To this end it empowers a district court to transfer `any civil action' to another district court if the transfer is warranted by the con-venience of the parties and witnesses and promotes justice." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).  Section 1404(a) at "least reflects a congressional policy strongly favoring transfers." Howe v. Goldcorp Invest., Ltd., 946 F.2d 944, 949 (1st Cir. 1991), cert. denied, 502 U.S. 1095 (1992).

The plaintiff appearing pro se, in an articulate

2

presentation of his opposition to any transfer to the District of Nevada, states that hearings in Nevada would take place in a far more hostile and unfavorably biased environment than exists in this district. This unfavorable Nevada atmosphere, in the event of transfer there, would encroach upon plaintiff's right and ability to enjoy the fair and impartial hearing which considerations of justice require.

Defendants herein, recognizing that plaintiff if heard in Nevada would encounter a most unfavorable environment as far as public opinion goes, are utilizing every effort to get this litigation transferred to Nevada to improve defendants chances of success.

A decision of the district regarding a transfer of venue in a civil action may only be overturned for an abuse of discretion. Eagle-Picher Industries, Inc. v. Liberty Mutual Insurance Co., 682 F.2d 12, 16, note 1 (1st Cir. 1982). "Factors to be considered by the district court in making its determination include the convenience of the parties and witnesses, the order in which jurisdiction was obtained by the district court, the unavailability of documents and the possibilities of consolidation." Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 6, 11 (1st Cir. 1987).

The court conducted a hearing on April 11, 1995. The

3

parties presented their respective arguments concerning the issue of a transfer of this case to Nevada.

It was determined that there may be witnesses, but in all probability the case will be decided on the administrative record. It is also the understanding of this court that the administrative record as of April 11, 1995 had not been transcribed. The property of the plaintiff which is the subject of this litigation is located in Nevada, IMC's mining operation is in Nevada, the lease pertains to grazing land in Nevada, the administrative agency that issued this order is in Nevada and the greater impact of this case will be in Nevada. New Hampshire does not have any interest in this case outside of the fact that the plaintiff resides here.

In general a plaintiff's choice of forum is entitled to considerable weight when, as in the instant case,"[t]he operative facts of [the] case have no material connection with this district." Heyco, Inc. v. Heyman, 636 F.Supp. 1545, 1551 (S.D.N.Y.1986) (quoting Mobile Video Services, Ltd. v. National Association of Broadcast Employees and Technicians, 574 F. Supp. 668, 671 (S.D.N.Y. 1983).

"In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by

4

report only.  There is a local interest in having localized controversies decided at home." <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 509 (1946).

It is quite evident from the facts and the law presented in this case that the interest of justice dictates that in accordance with 28 U.S.C. § 1404(a) this case should be transferred to the District of Nevada.

So ordered.

April 19, 1995

                        _____
                        Martin F. Loughlin
                        Senior Judge

A. Greer Edwards, Jr.
Gretchen Leah Witt, Esq.
Steven P. Quarles, Esq.
Steven M. Gordon, Esq.