STACO ENERGY PRODUCTS
CO., Plaintiff,

v.

DRIVER–HARRIS COMPANY, Defendant Third Party Plaintiff,

v.

Karl Heinz RAMM, Third Party Defendant.

No. C–3–80–154.

United States District Court,
S. D. Ohio, W. D.

March 23, 1981.

Ray A. Cox, Skilken & Cox, Dayton, Ohio, for plaintiff.

Gordon H. Savage, Pickrel, Schaeffer & Ebeling, Dayton, Ohio, for defendant/third party plaintiff.

Brian D. Weaver, Brumbaugh, Corwin & Gould, Dayton, Ohio, for third party defendant.

DECISION AND ENTRY OVERRULING MOTION OF THIRD–PARTY DEFENDANT, SEEKING ORDER OF COURT DISMISSING THIRD–PARTY COMPLAINT; CONFERENCE CALL SET

RICE, District Judge.

The captioned cause came to be heard upon the motion of the Third Party Defendant, Karl Heinz Ramm (Ramm), seeking an Order of the Court dismissing the Third Party Complaint.

Plaintiff's cause against the Defendant (Third Party Plaintiff) is predicated upon alleged breaches of express and implied warranties in connection with Plaintiff's purchase of certain industrial machinery.

In the Third Party Complaint, Defendant says that it was only an "intermediary" in the sale of the machinery to Plaintiff and that Ramm is responsible for any nonconformance in the design, manufacture, and delivery of the machinery.

It appears that Ramm is a resident of West Berlin, Germany, and that the machinery in question was manufactured in, and delivered from that country. The machinery was delivered into, and used within Ohio.

Ramm says that its obligations and liabilities to any party, in connection with the subject transaction, are governed by the terms and conditions set forth in the purchase order "acknowledgement," and invoice, by which Ramm delivered the alleged nonconforming machinery. Ramm represents that the eleventh condition on those instruments may be translated from the original German as follows:

11. *Place of Settlement and Court of Jurisdiction* :

The Amtsgericht in Berlin-Neukälln is the proper Court of Jurisdiction concerning disputes on delivery and payment, or in case of disputes of more than 1,000—DM's value it is agreed that the Langericht Berlin-West is the Court of Jurisdiction.

Thus, Ramm concludes that it only amenable to suit on the transaction in question in West Berlin, and that the Third Party Complaint, herein, should therefore be dismissed.

Defendant says that Ramm is subject to the *in personam* jurisdiction of courts in Ohio by virtue of Ohio's "long arm" statute, O.R.C. § 2307.382. The "forum selection clause" in the subject instruments is, therefore, invalid and unenforceable in the present case because of the often-recited principle that "[j]urisdiction cannot be conferred upon courts by contract, and it cannot be taken away by contract ..." *Myers v. Jenkins*, 63 Ohio St. 101, 121, 53 N.E. 1089, 1093 (1900).

The Court agrees that Ramm appears to be subject to the *in personam* jurisdiction of this Court, under O.R.C. § 2307.382, by virtue of the nature and substantiality of his alleged contacts with Ohio. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). However, it does not therefore follow that this "forum selection clause" in the subject instruments is invalid, or that Ramm is amenable to suit on those instruments in this Court.

It was settled by the decision in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), that a "forum selection clause" in a commercial instrument (particularly where international trade is implicated such as herein) should be enforced unless the party opposing the clause can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at 15, 92 S.Ct. at 1916. The Court also said:

The argument that such clauses are improper because they tend to "oust" a court of jurisdiction is hardly more than a vestigal legal fiction. It appears to rest at core on historical judicial resistance to any attempt to reduce the power and business of a particular court and has little place in an era when all courts are overloaded and when businesses once essentially local now operate in world markets. It reflects something of a provincial attitude regarding the fairness of other tribunals. No one seriously contends in this case that the forum-selection clause "ousted" the District Court of jurisdiction over Zapata's action. The threshold question is whether that Court should have exercised its jurisdiction to do more than [sic—should be "to"] give effect to the legitimate expectations of the parties, manifested on their freely negotiated agreement, by specifically enforcing the forum clause.

*Id.* at 12, 92 S.Ct. at 1914.

Although *The Bremen* was, specifically, a case in admirality, the principles it articulates are not that parochial. Forum selection clauses are now deemed enforceable in diversity actions on contract or for related commercial torts. *Republic Int'l Corp. v. Amco Engineers, Inc.*, 516 F.2d 161, 168 (9th

Cir. 1975); *Hoes of America, Inc. v. Hoes*, 493 F.Supp. 1205, 1208 (C.D.Ill.1979).

Defendant correctly points out that the decision in *The Bremen* would allow this Court to ignore a forum selection clause "if enforcement would contravene a strong public policy of the forum in which suit is brought . . ." *The Bremen, supra*, at 15, 92 S.Ct. at 1916. However, this Court cannot identify, and Defendant has not suggested any such "strong public policy" which particularly militates against enforcement of the kind of forum selection clause which is at issue in this case. Further, although it might also have done under the principles articulated in *The Bremen*, Defendant has not attempted to carry the heavy burden of clearly showing that enforcement of the clause "would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id. See, e. g., Copperweld Steel Company v. Demag-Mannesmann-Bohler*, 578 F.2d 953, 965 n.18 (3rd Cir. 1978).

Therefore, on a proper record, this Court would find that Ramm is not amenable to suit in this Court, on the instruments in question, and that the Third Party Complaint should be dismissed.

However, as it stands, the record herein is not proper to support such findings. Those parts of the instruments in question which contain the forum selection clause—i. e., the "back side" of Ramm's standard purchase order acknowledgement and invoice—are not among the pleadings and are not otherwise before the Court in a form which would allow the Court to take cognizance of them as matters of fact. *Cf.* F.R.C.P. 56(e). More importantly, there is absolutely no evidence (other than the representation of Ramm's counsel on "his best information and belief") that the Defendant—allegedly, a mere "intermediary"—played the role of a "contracting party" in the transaction between Ramm and Plaintiff, such that Defendant should be considered bound by the terms and conditions (including the forum clause) supposedly contained in the instruments evidencing that transaction. In particular, the Court is concerned that Defendant's name only appears *on Plaintiff's purchase order*, and that the documents which supposedly contain the forum clause—again, Ramm's standard purchase order acknowledgement and invoice—*do not refer at all to Defendant*. If Ramm's instruments were forwarded directly to Plaintiff, then Defendant would not necessarily have consented to the forum clause, and would not necessarily be bound thereto.

Ramm's motion essentially seeks to require that *the Defendant* sue Ramm in West Berlin. Although it appears that the forum selection clause upon which Ramm relies *is enforceable*, the Court cannot conclude, upon the record before it, that said clause is enforceable *against the Defendant* in this case.

For the forestated reasons, the Court finds that Ramm's motion, seeking an Order of the Court dismissing the Third Party Complaint, is not well taken and same is, therefore, overruled. Depending upon the schedule to be followed in this case, the Third-Party Defendant Ramm may seek leave to file a Motion for Summary Judgment raising the same issues, based upon proper Rule 56 documentation, as raised in the instant motion.

Counsel listed below will note that a brief conference will be had, by conference call telephone, at 8:40 a. m., on Monday, March 30, 1981, to discuss, *inter alia*, the viability of the April 27, 1981, trial date.