**James PASCALIDES, Plaintiff,**

v.

**IRWIN YACHT SALES NORTH, INC., Defendant and Third–Party Plaintiff,**

v.

**IRWIN YACHT AND MARINE CORP., and Schaefer Marine Corporation, Third–Party Defendants.**

**Civ. A. No. 86–685.**

United States District Court, D. Rhode Island.

Jan. 6, 1988.

Paul D. McCarthy, Looney & Grossman, Boston, Mass., Arthur M. Read, II, Gorham & Gorham, Providence, R.I., for Irwin Yacht Sales North, Inc.

Christopher H. Little, Esq. Tillinghast, Collins & Graham One Old Stone Square, Providence, R.I., for plaintiff.

Robert W. Breslin, Clearwater, Fla., for third-party defendant Irwin Yacht and Marine Corp.

Stephen A. Fanning, Edwards & Angell, Providence, R.I., for third-party defendants.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

This matter is before the Court on Irwin Yacht and Marine Corporation's motion to dismiss the third-party complaint for improper venue and to quash service of process. The issues are as follows: (1) whether the forum selection clause contained in the Dealer Franchise agreement between Irwin Yacht Sales North Inc. (hereinafter "Irwin North") and Irwin Yacht and Marine Corporation (hereinafter "Irwin Marine") requires that venue of the third-party complaint be in Pinellas County, Florida and (2) whether Irwin North's service of process upon Irwin Marine pursuant to Fed.R.Civ.P. 4(c)(2)(C)(i) was improper because Marine had failed to acknowledge North's original service of process pursuant to 4(c)(2)(C)(ii). For the reasons discussed below this Court holds that the second service of process was valid but that the existence of the forum selection clause requires that the third-party action be dismissed for improper venue under 28 U.S.C. § 1406(a).

According to allegations in the pleadings the facts are as follows: Irwin Marine, a manufacturer of yachts and marine equipment, is a corporation organized under Florida law with a principal place of business in Clearwater, Florida. Irwin North, a dealer in yachts and marine equipment, is a Rhode Island corporation with a principal place of business in Warwick, Rhode Island. Pursuant to a dealer franchise agreement dated April 19, 1977, Irwin North is authorized to sell Irwin Marine's products in Warwick, Rhode Island. In Clause 15 of the franchise agreement, Irwin Marine and Irwin North contracted for venue to be in Pinellas County, Florida for any disagreements resulting in litigation:

In the event there is any disagreement resulting in litigation between the Dealer and the Manufacturer and since payment for any moneys due from the Manufacturer to the Dealer must be made from the principal offices of the Manufacturer in Pinellas County, Florida, venue for all such actions shall be in Pinellas County, Florida, and the dealer agrees that if any action is necessary, the same shall be brought in the County in which the principal offices of the corporation are located which is Pinellas County, Florida.

Pursuant to this agreement and a later Purchase Agreement, Irwin Marine designed, manufactured and delivered a 43 foot sailing vessel to Irwin North. On November 3, 1986 James Pascalides filed an action in this Court against Irwin North under the Merchant Marine Act of 1920, 46 U.S.C. § 688, general maritime law for negligence and general maritime law for unseaworthiness. Pascalides alleged that he sustained personal injury upon this vessel while acting as a crew member and employee of Irwin North.

Irwin North, in turn, brought a third-party complaint against Irwin Marine alleging that, if it is held liable to Pascalides, his injuries were really attributable to Irwin Marine's improper, defective and negligent design or manufacture of the vessel. Thus, Irwin North seeks indemnification on a contingent basis in the third-party complaint.

Service of process was attempted on Irwin Marine at its offices in Clearwater, Florida pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii). Irwin Marine did not acknowledge service, however, because it was mislead by Irwin North's written instructions included with the attempted service. At a hearing on Irwin Marine's motion to quash service of process, this Court determined that the service was completely invalid and recommended that Irwin North serve process under Rule 4(c)(2)(C)(i).

Accordingly Irwin North served process upon Irwin Marine pursuant to Rule 4(e)(1) of the Rhode Island Rules of Civil procedure in reliance upon Rule 4(c)(2)(C)(i) of the Federal Rules. Irwin Marine then brought the instant motions to quash this second service of process and for a dismissal because of improper venue. This Court heard argument on these motions on October 23, 1987. The matter is now in order for decision.

### Service of Process

Irwin Marine asserts that Irwin North improperly served process upon it under Fed.R.Civ.P. 4(c)(2)(C)(ii).

Rule 4(c)(2)(C) provides:

A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—

(i) pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State, or

(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

According to Irwin Marine, once Irwin North attempted service by mail under Fed.R.Civ.P. 4(c)(2)(C)(ii) it could not thereafter serve it under the mail service provisions of the Rhode Island procedure because Rule 4(c)(2)(C)(ii) provides that, if no acknowledgment of service is received on service of such summons and complaint, then service *"shall* be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3)"—that is, by personal service.

Moreover, Irwin Marine argues that because personal service is the only method

now available to Irwin North and because Irwin Marine, as a nonresident of the forum state, is not subject to personal service, the Court must dismiss the third-party complaint for lack of personal jurisdiction over Irwin Marine.

The Circuit Courts do not agree on whether Rule 4(c)(2)(C)(ii) precludes resort to 4(c)(2)(C)(i) following the failure of a defendant to return the acknowledgment form. In *Humana, Inc. v. Jacobson*, 804 F.2d 1390 (5th Cir.1986), the Fifth Circuit held that the second sentence of Rule 4(c)(2)(C)(ii) does not bar further resort to state service provisions:

> Literal interpretation of the word "shall" would distort the purpose of the rule. The rule permits plaintiffs to serve defendants in person or under state law or in accordance with the federal mail service procedure set forth in the rule. Its language is clear; the plaintiff has the option to elect any of these procedures. A plaintiff may attempt the inexpensive method of using the mail. If the plaintiff does not effect service in this way, service must be made in some other fashion. The use of the word "shall" does not automatically require that, if the attempt to effect service by mail fails, only personal service is permitted. Service pursuant to state-law procedure is still permitted.

The Fourth Circuit, however, has held that state mail service provisions are not available in those circumstances. In *Armco, Inc. v. Penrod–Stauffer Bldg. Systems*, 733 F.2d 1087 (4th Cir.1984) plaintiff's attempted mail service pursuant to Fed.R. Civ.P. 4(c)(2)(C)(ii) failed because the corporate defendant's vice-president and secretary did not return the acknowledgement form. Plaintiff thereafter attempted service pursuant to the mail service provisions of Maryland state law. The Fourth Circuit in reversing the district court's holding that this service was valid stated:

> Once service is attempted under Rule 4(c)(2)(C)(ii), service of process in accordance with state law, as otherwise authorized by 4(c)(2)(C)(i), is not permissible.

*Armco, Inc. v. Penrod Stauffer Bldg. Systems*, 733 F.2d 1087, *supra.* The First Circuit has not addressed the issue.

■ Notably, at the hearing to quash the first service of process Irwin Marine presented the *Armco* analysis to this Court. Then, as it does now, the Court noted that Rule 4 clearly provides for two alternative methods of service: service under state law pursuant to (C)(i) and mail service pursuant to (C)(ii). To avoid any confusion due to the second sentence of (C)(ii), however, the Court determined that the first attempted service was completely invalid and that Irwin North was then free to make a fresh start at mail service under 4(c)(2)(C)(i). Irwin North subsequently made proper service upon Irwin Marine under Rule 4(e) of the Rhode Island Rules of Civil Procedure. This Court now holds the second service to be valid under Rule 4(c)(2)(C)(i). This holding is based on the persuasive reasoning of the Fifth Circuit in *Humana* and based on the fact that, in this case, unlike in *Armco*, the Court previously determined that service under Rule 4(c)(2)(C)(ii) was completely invalid and specifically permitted the party serving process to start anew under Rule 4(c)(2)(C)(i).

*Venue*

Irwin Marine next contends that the third-party complaint must be dismissed because the parties have contracted to resolve any disputes between themselves in Pinellas County, Florida. Irwin North, however, claims that the subject matter of this dispute does not fall within the scope of the forum selection clause and that, in any event, enforcement of the forum selection clause would be unreasonable.

(1) *Subject Matter of Dispute*

■ To enforce the forum selection clause, the Court first must determine that the subject matter of the dispute is one contemplated under that clause. Irwin North argues that the clause only applies to commercial disagreements arising from the parties business relationship. In the present case, Irwin North asserts, there is no commercial "disagreement" between the parties and furthermore it is inappropriate

"to apply commercial contract language in a tort/personal injury fact pattern."

Irwin North's third-party complaint seeks indemnity and/or contribution from Irwin Marine for any liability Irwin North might incur in the suit brought by Pascalides. Irwin North alleges that Pascalides' injuries, if any, were effectively caused by Irwin Marine's defective design or manufacture of the vessel. According to paragraph 15 of the franchise agreement, the forum selection clause applies to "any disagreement resulting in litigation between the Dealer and the Manufacturer." There is no evidence that the clause was not intended to apply to all claims growing out of the contractual relationship. Whether Irwin North's cause of action is characterized as "products liability" or "breach of warranty," it is clear that the Dealer Franchise Agreement and the later Purchase Agreement are the basic source of *any* duty to Irwin North. As the Third Circuit said in *Coastal Steel v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 197 (3rd Cir. 1983), "If forum selection clauses are to be enforced as a matter of public policy, that same public policy requires that they not be defeated by artful pleading of claims such as negligent design, breach of implied warranty, or misrepresentation." The Court thus finds that the litigation between the parties is subject to the terms of the forum selection clause. *See also Clinton v. Janger*, 583 F.Supp. 284 (N.D.Ill.1984) (forum selection clause in trust agreement governed resolution of contract and tort claims arising under trust).

(2) *Reasonableness of Enforcement*

The next question is whether the enforcement of the forum selection clause is reasonable. Historically, a forum selection clause was *per se* invalid on the ground that it attempted to oust a court of its jurisdiction. In *M/S Bremen v. Zapata OffShore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972), however, the Supreme Court held that the correct approach is to specifically enforce the forum clause unless the party opposing enforceability clearly shows "that enforcement would be unreasonable and unjust, or that

the clause was invalid for such reasons as fraud or overreaching."

The federal courts have looked to a variety of factors to determine reasonableness under *Bremen*. In *D'Antuono v. CCH Computax Systems, Inc.*, 570 F.Supp. 708 (D.R.I.1983), this Court, per Selya, J., identified these factors:

(1) The identity of the law that governs the construction of the contract.

(2) The place of execution of the contract.

(3) The place where the transactions are to be performed.

(4) The availability of remedies in the designated forum.

(5) The public policy of the initial forum state.

(6) Location of the parties, the convenience of prospective witnesses, and the accessibility of evidence.

(7) The relative bargaining power of the parties and the circumstances surrounding their dealings.

(8) The presence or absence of fraud, undue influence (or other extenuating) circumstances.

(9) The conduct of the parties.

*D'Antuono*, 570 F.Supp. at 712. As noted in *D'Antuono:*

While each of these factors has some degree of relevance and some claim to weight, there are no hard-and-fast rules, no precise formulae. The totality of the circumstances, measured in the interests of justice, will—and should—ultimately control. In the end, the party seeking to avoid the strictures of the forum selection clause must convince the court of the reality of 'a set of qualitative factual circumstances warranting denial of enforcement.'

*Id.* (quoting *Kolendo v. Jerell, Inc.*, 489 F.Supp. 983, 985 (S.D.W.Va.1980)).

The first four factors, viewed as a whole, fail to establish that the forum selection clause is unreasonable. By the terms of the Purchase Agreement, Florida law governs the construction and interpretation of the contract. Both parties also agree that the Purchase Agreement was executed in

Florida. Manufacture, sale and delivery of the vessel occurred in Florida. Both parties agree that there is no reason to conclude that lawful remedies are unavailable in either forum. Irwin North concedes that the public policy of Rhode Island "is not an issue" here.

Next, in considering the convenience factors, this Court notes that the parties, in consenting to the forum selection clause in Florida, have in effect subordinated their convenience to the bargain. While Irwin North will have to travel to Florida for trial in the chosen forum, such a journey was apparently within the contemplation of the parties when the bargain was struck. "[Third–Party] Plaintiff cannot be heard to complain about inconveniences resulting from an agreement (he) freely entered into." *D'Antuono,* 570 F.Supp. at 713 (quoting *Full–Sight Contact Lens Corp. v. Soft Lenses, Inc.,* 466 F.Supp. 71, 73–74 (S.D.N.Y.1978)).

The conveniences of the witnesses and accessibility of evidence, however, deserves independent consideration. The amended third-party complaint alleges "improper, defective, and/or negligent design, and/or manufacture" of the vessel by Irwin Marine. The witnesses involved in design, engineering and manufacture of the vessel apparently all live in Florida. While the alleged injury occurred off the shore of Rhode Island where Pascalides lives, these considerations seem less important in a design defect case. In any event, in cases where no forum is wholly convenient, a forum selection clause can and should tip the scales. *D'Antuono,* 570 F.Supp. at 714.

The final three factors involve the relationship between the parties and their conduct towards each other. In the present case none of them suggest that the forum selection clause is unreasonable. First there is no evidence of an overweening bargaining power here. Irwin North claims that the Dealer Franchise Agreement was a contract of adhesion because it was on a pre-printed form supplied by Irwin Marine. It is well-settled that the existence of "boilerplate contracts" should give a reviewing court pause. *Cf. Kline v. Kawai America Corp.,* 498 F.Supp. 868, 872 (D.Minn.1980). Yet nothing in the record suggests that Irwin Marine coerced Irwin North into the agreement or that Irwin North grudgingly acceded to a forum designation demand. Moreover, Irwin North does not allege fraud or undue influence in the third-party complaint. Furthermore, Irwin North concedes that the conduct of the parties "is not an issue."

Irwin North does argue that the nature of the action, a third-party complaint, raises extenuating circumstances. Courts considering the issue have repeatedly held that enforcing forum selection clauses in third-party actions is not unreasonable under *Bremen. See Gordonsville Indus. v. American Artos Corp.,* 549 F.Supp. 200, 206 (W.D.Va.1982) ("The possibility that [third-party plaintiff] may need to bring an indemnification action in Germany is insufficient to sustain its burden of 'clearly showing' that enforcement would be unreasonable and unjust"); *Mississippi River Bridge Auth. v. M/V Pola De Lena,* 567 F.Supp. 311 (E.D.La.1983) (forum selection clause in agreement for installation of steering mechanism in vessel was enforceable and barred manufacturer of steering mechanism from filing third-party complaint against builder of vessel in suit arising out of collision of vessel with ferry landing and ferry boats); *Staco Energy Products Co. v. Driver–Harris Co.,* 509 F.Supp. 1226 (S.D.Ohio 1981) (on a proper record, court would dismiss third-party complaint because forum selection clause rendered third-party defendant not amenable to suit in present court); *Roach v. Hapag–Lloyd,* 358 F.Supp. 481 (N.D.Ca. 1973) (third-party plaintiff failed to show enforcement of forum selection clause in bill of lading would be unreasonable).

After considering all the relevant factors, this Court finds that Irwin North has failed to demonstrate that the forum selection agreed upon by these parties is unreasonable or even inappropriate. Under *Bremen,* therefore, this Court holds that, pursuant to the parties' agreement, proper venue lay in Florida.

In summary, Irwin Marine's motion to quash service of process is denied. Irwin Marine's motion to dismiss the third-party complaint for improper venue is hereby granted.

*It is so Ordered.*